**Luther Chris THOMPSON Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 70A04–8805–CR–162.

Court of Appeals of Indiana, Fourth District.

Oct. 27, 1988.

Sheila K. Zwickey, Rush County Public Defender, Rushville, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Luther Chris Thompson (Thompson) appeals a class D felony jury conviction for child molesting. IND.CODE 35–42–4–3(d).

Reversed.

Because we reverse, we discuss only one issue, namely, whether the trial court erred by allowing a witness to express an opinion the victim was telling the truth.

Thompson and Larry Adkins went to the home of the 12 year old victim. The victim's brother and his friend were there. Thompson was allowed to use the bath-

room. He went to the victim's room where she was playing. He touched the victim's breasts, placed his hands into her pants, and fondled her vagina. Thompson refused to stop until Adkins called to him and told him it was time to leave. Adkins saw nothing when he entered the bedroom.

After Thompson and Adkins left the victim told her brother about the incident. The brother called their father. The father returned home from work. He took the child to the police station. The father was allowed to testify, over defense objections, his daughter was hysterical and crying and he knew she was telling the truth.

Thompson testified his touching occurred in a friendly scuffle and was accidental. ■ Thompson contends the court erred when it allowed the victim's father upon direct examination to express an opinion about whether the victim was telling the truth when she related the events of the offense. The testimony and the objections were:

> Q [Prosecutor].... Now after you listened to your daughter say things to you, ... did you have any feelings or were you of any opinion whether or not your daughter was, you know, making things up, telling stories, fibbing, white lies or whatever you want to call it?
> MISS ZWICKEY [Defense counsel]: Your Honor, I would object to a conclusion or a speculation on the part of the witnesses to whether or not his daughter was telling the truth.
> Q Well now....
> MISS ZWICKEY: That is a basic issue for the Jury.
> COURT: Well, it is a gut reaction but I think a parent could reasonably testify as to whether or not in their opinion their child was telling the truth. I am going to overrule the objection. You may answer the question.
> A As hysterical and crying that she was I knew she was telling the truth then, yes.

(R. 229).

In *Head v. State* (1988), Ind., 519 N.E.2d 151, our Supreme Court reversed a child molesting conviction because an expert witness was allowed to opine the victim told the truth, thus, invading the province of the jury. In *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, our Supreme Court affirmed child molesting convictions where the expert's opinion did not take the direct form of expressing an opinion about the victim's credibility. In *Douglas v. State* (1985), Ind.App., 484 N.E.2d 610, this court, over this writer's partial dissent, remanded a criminal deviate conduct and child molesting case where an expert opined the child witness told the truth.

In this case the court permitted a non-expert witness to express an opinion the child victim, his daughter, was telling the truth. The parties do not point to and we have not found relevant Indiana precedent specifically discussing the admissibility of lay testimony about a child victim's credibility. However, our Supreme Court included such lay opinion in its exposition in *Lawrence.* It said

> It is essential to a trial of issues of fact that the trier of fact determine which witnesses are worthy of belief and which are not, and what testimony is the more reasonable and probable; that is, it must determine the credibility of the witnesses and the weight of the evidence. There is no lawful trial of fact without such an assessment by the judge or jury at an original, individual, or personal level. The law demands that those trial tactics and procedures which aid and enrich the process be encouraged, and those which hinder it be discouraged. The rule that all witnesses are presumed to speak the truth, and may not be accredited until discredited by the evidence or otherwise, *Bryant v. State*, (1954) 233 Ind. 274, 118 N.E.2d 894, and *Norton v. State*, (1980) 273 Ind. 635, 408 N.E.2d 514, serves the process. The rule which precludes the giving of opinion testimony which invades the province of the jury likewise serves the process. *Limp v. State*, (1982) Ind., 431 N.E.2d 784.

Courts have recognized that there is a special problem in assessing the credibility of children who are called upon as witnesses to describe sexual conduct.... Whenever an alleged child victim takes

the witness stand in such cases, the child's capacity to accurately describe a meeting with an adult which may involve touching, sexual stimulation, displays of affection and the like, is automatically in issue, whether or not there is an effort by the opponent of such witness to impeach on the basis of a lack of such capacity. The presence of that issue justifies the court in permitting some accrediting of the child witness in the form of opinions from parents, teachers, and others having adequate experience with the child, that the child is not prone to exaggerate or fantasize about sexual matters. Such opinions will facilitate an original credibility assessment of the child by the trier of fact, *so long as they do not take the direct form of "I believe the child's story", or "In my opinion the child is telling the truth".*

(Our emphasis). 464 N.E.2d at 925. Here the testimony took the prohibited form. It was not cured by an immediate admonition. Indeed, the court expressed an erroneous opinion there was a parental exception to the general rule. There is no such exception. As a result we are left with no recourse but to remand for a new trial.

Reversed and remanded for a new trial consistent with this opinion.

MILLER and ROBERTSON, JJ., concur.