McMILLAN, Judge.
This is an appeal of the appellant’s conviction of theft of property in the second degree.
In October 1987, the appellant was indicted by a Houston County grand jury for theft of property in the second degree, in violation of § 13A-8-4, Code of Alabama (1975). The appellant was convicted in a jury trial of the offense charged, and was sentenced to a term of five years’ imprisonment.
The sole issue raised in this appeal is the appellant’s contention that the trial court erred to reversal by admitting into evidence in the case sub judice testimony given by him in a former trial on another charge. *1139 He contends that the admission of this evidence was in violation of his Fifth Amendment right against self-incrimination. This Court does not agree.
The record indicates that on March 5, 1987, the appellant was convicted of criminally negligent homicide in the death of Eric King. The murder weapon in that case was a .357 magnum pistol, the theft of which gave rise to the presently-charged offense. At that trial, the appellant elected to testify in his own defense, and he admitted on cross-examination that he had previously stolen this pistol from a car parked in front of the H & R Block building in Do-than. This was the same location from which the pistol in the present case was stolen. Prior to this admission1, appellant’s counsel raised the following objection:
“MR. TRAWICK: Your Honor, we object on the grounds that the source of the pistol is immaterial and has nothing to do with his case. It is also going to possibly bring — infer evidence on another crime which is not charged and it will have the purpose of being highly prejudicial and will be of no probative value to the disposition of this case we are trying today.”
The appellant did not claim his Fifth Amendment privilege. The prosecution argued that testimony concerning the origin of the pistol was material and relevant, in that it showed motive and intent, and appellant’s objection was overruled on this basis. The appellant did not appeal his conviction for criminally negligent homicide.
In July 1988, the appellant was brought to trial for theft of property in the second degree, the case now before this Court. Prior to this trial, the court held a hearing on the appellant’s motion to suppress the testimony given by him in the earlier trial. At that time, appellant’s attorney argues that this testimony did not prove identity, motive, or any of the other exceptions to the general rule of law excluding evidence of crimes not charged in the indictment. Counsel contended that this evidence was improperly admitted in the former trial, and thus, should be inadmissible in the present proceeding. Counsel further argues that the appellant had not been given his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to giving the testimony, that the statement was involuntary, and that it should not be admissible in the case sub judice. The appellant’s motion to suppress was denied, and his former testimony was admitted into evidence in the prosecution’s case-in-ehief.
In Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), the United States Supreme Court addressed a similar Fifth Amendment issue. In 1980, the respondent, Marshall Murphy, pleaded guilty to a sex-related offense in a Minnesota court, was given a suspended sentence, and was placed on 3 years’ probation. The terms of Murphy’s probation required him to participate in a treatment program for sex offenders, to periodically report to his probation officer, and to be truthful with his probation officer “in all matters.” During the course of a meeting with his probation officer, who had previously received information from a treatment counselor that the respondent had admitted to a 1974 rape and murder, Murphy, upon questioning, admitted that he had committed the 1974 rape and murder. After being indicted for first degree murder, Murphy sought to suppress the confession made to his probation officer on the ground that it was obtained in violation of his rights under the Fifth and Fourteenth Amendments. The trial court denied Murphy’s motion to suppress, holding that he was not “in custody” at the time of the confession and that the confession was neither compelled nor involuntary, despite the absence of Miranda warnings. The Minnesota Supreme Court reversed, holding that, notwithstanding the lack of custody in the usual sense, Murphy’s failure to claim his Fifth Amendment privilege against self-incrimination was not fatal to his claim, because of the nature of his meeting with the probation officer, because he was under court order to respond truthfully to the probation officer’s questions, and because the probation officer had substantial reason to believe that Murphy’s answers were likely to be incriminating.
*1140 In reversing the Minnesota Supreme Court and reinstating Murphy’s confession, the Supreme Court held as follows:
“We note first that the general obligation to appear and answer questions truthfully did not in itself convert Murphy’s otherwise voluntary statements into compelled ones. In that respect, Murphy was in no better position than the ordinary witness at a trial or before a grand jury who is subpoenaed, sworn to tell the truth, and obligated to answer on the pain of contempt, unless he invokes the privilege and shows that he faces a realistic threat of self-incrimination. The answers of such a witness to questions put to him are not compelled within the meaning of the Fifth Amendment unless the witness is required to answer over his valid claim of the privilege. This much is reasonably clear from our cases.
“As this Court has long acknowledged: “ ‘The [Fifth] Amendment speaks of compulsion. It does not preclude a witness from testifying voluntarily in matters which may incriminate him. If, therefore, he desires the protection of the privilege, he must claim it or he will not be considered to have been “compelled” within the meaning of the Amendment.’ United States v. Monia, 317 U.S. 424, 427 [63 S.Ct. 409, 410-11, 87 L.Ed. 376] (1943) (footnote omitted).
“This principle has been applied in cases involving a variety of criminal and noncriminal investigations. See, e.g., United States v. Kordel, 397 U.S. 1, 7-10 [90 S.Ct. 763, 766-68, 25 L.Ed.2d 1] (1970); Rogers v. United States, 340 U.S. 367, 370-371 [71 S.Ct. 438, 440-41, 95 L.Ed. 344] (1951); United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 112-113 [47 S.Ct. 302, 306, 71 L.Ed. 560] (1927). These cases, taken together, ‘stand for the proposition that, in the ordinary ease, if a witness under compulsion to testify makes disclosures instead of claiming the privilege, the government has not “compelled” him to incriminate himself.’ Garner v. United States, 424 U.S. 648, 654 [96 S.Ct. 1178, 1182, 47 L.Ed.2d 370] (1976) (footnote omitted)....
[[Image here]]
“Thus it is that a witness confronted with questions that the government should reasonably expect to elicit incriminating evidence ordinarily must assert the privilege rather than answer if he desires not to incriminate himself. If he asserts the privilege, he ‘may not be required to answer a question if there is some rational basis for believing that it will incriminate him, at least without at that time being assured that neither it nor its fruits may be used against him’ in a subsequent criminal proceeding. Maness v. Meyers, 419 U.S. 449, 473 [95 S.Ct. 584, 598, 42 L.Ed.2d 574] (1975) (WHITE, J., concurring in result) (emphasis in original). But if he chooses to gnswer, his choice is considered to be voluntary since he was free to claim the privilege and would suffer no penalty as the result of his decision to do so.”
Id., 465 U.S. at 427-29, 104 S.Ct. at 1142-43. Moreover, the Court held that “[i]f a witness — even one under a general compulsion to testify — answers a question that both he and the government should reasonably expect to incriminate him, the Court need ask only whether the particular disclosure was ‘compelled’ within the meaning of the Fifth Amendment.” Id., 465 U.S. at 428, 104 S.Ct. at 1142-43.
Although the appellant made a timely objection during his former trial to questions regarding, the source of the pistol, the ground he raised was that the source involved evidence of crimes not charged in the indictment which was not material to any issue in controversy in that proceeding. At no time during that trial did the appellant attempt to assert his Fifth Amendment right against compulsory self-incrimination.
“The fifth amendment privilege is not ordinarily self-executing and must be affirmatively claimed by a person whenever self-incrimination is threatened. Minnesota v. Murphy, 465 U.S. 420, 429, 104 S.Ct. 1136, 1143, 79 L.Ed.2d 409 (1984). An individual may lose the bene *1141 fit of the privilege inadvertently, without a knowing and intelligent waiver. Garner v. United States, 424 U.S. 648, 654 n. 9, 96 S.Ct. 1178, 1182 n. 9, 47 L.Ed.2d 370 (1976).”
United States v. Jenkins, 785 F.2d 1387, 1393 (9th Cir.1986), cert. denied, Prock v. United States, 479 U.S. 855, 107 S.Ct. 192, 93 L.Ed.2d 125 (1986). The appellant in this case did so by his testimony in the former trial.
The appellant also appears to argue in brief that the testimony concerning the origin of the pistol should not have been admissible in his former trial and, therefore, should have been inadmissible in this one. Such an argument must necessarily fail. The appellant did not appeal that conviction, and the trial court’s ruling that this testimony was material remains undisturbed. This testimony was material in the appellant’s theft trial and was properly admitted into evidence by the trial court.
For the foregoing reasons, the judgment of the trial court is correct, and is due to be affirmed.
AFFIRMED.
All Judges concur except, BOWEN, J., concurring in result only.