**Marcia SHEPHERD, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 09S00–8711–CR–1056.

Supreme Court of Indiana.

May 23, 1989.

Rehearing Denied July 28, 1989.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Murder, for which she received a sentence of forty (40) years.

■ Appellant, her husband, and the victim were involved in an extramarital triangle which the jury found to result in appellant killing the victim. Although the evidence in this case is sufficient to sustain the verdict, it was entirely circumstantial. One of the State's witnesses, Jenny Lynn Okuly, testified that she was an inmate in the jail with appellant, that she had often talked with appellant about the alleged murder, and that at all times appellant had denied having anything to do with it. The prosecuting attorney then asked, "Do you believe that to be the truth?"

Appellant's attorney immediately vigorously objected and properly pointed out to the court that such a question is highly improper and invades the province of the jury. The judge at first sustained the objection, but later, after argument by the prosecuting attorney, permitted the witness to answer that she did not believe that appellant was telling the truth when she denied killing the victim.

■ This Court has repeatedly stated that such a question is highly improper. Neither lay witnesses nor expert witnesses are competent to testify that another witness is or is not telling the truth. *Head v. State*.(1988), Ind., 519 N.E.2d 151 and cases cited therein.

This case is therefore reversed and remanded to the trial court for a new trial.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DeBRULER, Justice, concurring and dissenting.

I agree with the majority that the conviction must be reversed because of trial error, but dissent to the remand for new trial.

Appellant visited the victim at her home on September 11, 1986. She drove there in a white Ford and parked it in front of the victim's house. She arrived at about 3:30 and left around 5:00. Sometime later the body of the victim was found under a bridge in the area. There were broken items and blood in the victim's house indicating an attack had occurred there. Appellant's fingerprint was found on a brown glass in the house and on a bottle of shampoo. Shampoo had been used to attempt to remove blood stains from a carpet. At about 7:00 appellant appeared at a tavern. She had been perspiring and appeared wet, appeared nervous, and lied about where she had been that day.

One of the State's witnesses testified that he saw a woman on the bridge that evening and spoke to her, and had picked appellant's picture from an array as that woman. However, at trial he was unable to identify appellant as the woman on the bridge. Appellant's car was searched and nothing was discovered which would indicate that it had been used to transport the victim. Appellant testified that she visited the victim, smoked a cigarette, drank something, and took the victim's garbage out in a trash bag because the victim had a sore foot.

The theory of the prosecution was that appellant beat the victim at her home, rushed to give her husband some money at a tavern, and dumped the body off of the Georgetown bridge. In my opinion, that theory and the conviction is not supported by sufficient evidence. I would therefore order that appellant be acquitted.