**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Marcia SHEPHERD, Appellee (Defendant Below).**

No. 52A029001CR00002.

Court of Appeals of Indiana, Second District.

April 9, 1991.

**684**

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellant.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, for appellee.

SHIELDS, Presiding Judge.

The State of Indiana appeals the trial court's order suppressing Marcia Shepherd's testimony from her prior trial.

We reverse.

### ISSUE

Whether a defendant's testimony at a prior trial is admissible evidence at a retrial when offered by the State in its case in chief if the record fails to establish the defendant was advised on the record and before testifying of the defendant's right against self-incrimination.

### FACTS

On May 23, 1989 Marcia Shepherd's conviction for murder was reversed and a new trial ordered. *Shepherd v. State* (1989), Ind., 538 N.E.2d 242. Shepherd testified on her own behalf at her first trial. The record from this trial is silent as to wheth-

er Shepherd was advised of her right against self-incrimination before testifying. Prior to the commencement of the retrial the trial court granted Shepherd's motion to suppress the testimony she gave as a defense witness in her first trial:

> [T]he Court finds that the Defendant did not intentionally relinquish or abandon a known right or privilege when she took the stand to testify in her own behalf at the trial. The Court therefore denies the State the right to use her testimony from the former trial in its case in chief in the second trial. Defendant's Motion in Limine is therefore granted.

Record at 65. The trial court certified the question for interlocutory appeal; this court accepted the question.

### DISCUSSION

The State argues the trial court erred in effectively suppressing Shepherd's testimony on the ground the record must affirmatively establish she was advised of her right against self-incrimination before the testimony is admissible. Shepherd's argument in support of the exclusion of the testimony is two-fold. She first claims prior testimony should not be utilized over a present assertion of Fifth Amendment rights. She also argues *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and its progeny require that a defendant must be advised of the Fifth Amendment right against self-incrimination as a condition precedent to the testimony's admissibility on retrial.

The decision of the Supreme Court in *Harrison v. United States* (1968), 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 addresses Shepherd's first argument. Although the Court in *Harrison* held the prior testimony was inadmissible because it was the fruit of illegally procured confession, the Court recognized the general rule "that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." 392 U.S. at 222, 88 S.Ct. at 2010.[1]

---

**1.** Shepherd does not claim her prior testimony was prompted by the admission of inadmissible    evidence.

Other cases offering guidance include *United States v. Anderson* (1973), 4th Cir., 481 F.2d 685 and *United States v. McClellan* (1989), 7th Cir., 868 F.2d 210.

> Contrary to the argument of counsel for the defendants at trial, testimony of a defendant, given at another trial or hearing, is admissible, and this is true whether the defendant elects to testify in his own defense or not, and whether he appeared as a defendant or witness. It is of no moment whether the former trial was for the same offense or for some other, or whether the trial was a criminal or civil proceeding.

481 F.2d at 696 (citations omitted). In *McClellan* the defendant argued his testimony at a former bankruptcy hearing could not be used at his subsequent criminal trial. In holding against the defendant, the court rejected the claim McClellan was forced to choose between two constitutionally based rights. "McClellan has in no way been forced to choose between constitutional rights: he retained his right against self-incrimination throughout the bankruptcy proceeding." *McClellan*, 868 F.2d at 215.

We find no merit to Shepherd's argument her prior testimony is totally inadmissible at her retrial, i.e., we hold there is no *per se* exclusion.

▇ The next issue is whether the defendant must be advised on the record of the right against self-incrimination prior to the defendant's initial testimony as a condition to the testimony's admissibility at the defendant's retrial. We hold such advice, on the record, is not a condition to the admissibility of the prior testimony.

The focus of Shepherd's second argument is upon *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. *Miranda* addresses the admissibility of a defendant's out-of-court statements made in a custodial setting. Shepherd made her statements in open court, under oath, when she voluntarily testified in her own defense at a trial during which she was represented by counsel. Her statements were not the product of a custodial interrogation and,

therefore, *Miranda* is inapposite. *Anderson*, 481 F.2d at 696.

The Fifth Amendment speaks in terms of compelled testimony: "No person shall be ... compelled in any criminal case to be a witness against himself, ..." U.S. Const. amendment V. With reference to the right, Shepherd is in no better position than any other witness at a trial who is sworn to tell the truth and obligated to answer or face contempt, unless the witness invokes the privilege against self-incrimination and shows the trial court that the witness faces a realistic threat of self-incrimination. The answers of such a witness are not compelled within the meaning of the Fifth Amendment unless the witness is required to answer over the witness's valid claim of the Fifth Amendment privilege.

> [I]n the ordinary case, if a witness under compulsion to testify makes disclosures instead of claiming the privilege, the government has not "compelled" him to incriminate himself.

*Garner v. United States* (1976), 424 U.S. 648, 654, 96 S.Ct. 1178, 1182, 47 L.Ed.2d 370.

*Minnesota v. Murphy* (1984), 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 is instructive. Following Murphy's conviction, he was given a suspended sentence and placed on probation. Among other terms, his probation order required that Murphy report to his probation officer periodically and that he be truthful with his probation officer. During a meeting with his probation officer Murphy admitted committing an earlier and unrelated rape and murder. He was subsequently indicted for first degree murder and sought to suppress the confession made to his probation officer on the ground it was obtained in violation of his Fifth Amendment right against self-incrimination.

The trial court denied Murphy's motion to suppress because Murphy was not in custody at the time of the confession and the confession was neither compelled nor involuntary despite the absence of *Miranda* warnings. The Minnesota Supreme Court reversed the trial court. The court concluded that notwithstanding the lack of

custody in the usual sense, Murphy's failure to claim his privilege against self-incrimination was not fatal to his present claim because he was required to meet with his probation officer and was under court order to respond truthfully to that officer's questions.

The Supreme Court reversed. In reinstating Murphy's confession the Court stated:

> We note first that the general obligation to appear and answer questions truthfully did not in itself convert Murphy's otherwise voluntary statements into compelled ones. In that respect, Murphy was in no better position than the ordinary witness at a trial or before a grand jury who is subpoenaed, sworn to tell the truth, and obligated to answer on the pain of contempt, unless he invokes the privilege and shows that he faces a realistic threat of self-incrimination. The answers of such a witness to questions put to him are not compelled within the meaning of the Fifth Amendment unless the witness is required to answer over his valid claim of the privilege. This much is reasonably clear from our cases.

> As this Court has long acknowledged: "The [Fifth] Amendment speaks of compulsion. It does not preclude a witness from testifying voluntarily in matters which may incriminate him. If, therefore, he desires the protection of the privilege, he must claim it or he will not be considered to have been 'compelled' within the meaning of the Amendment. *United States v. Monia,* 317 U.S. 424, 427 [63 S.Ct. 409, 410, 87 L.Ed. 376] (1943) (footnote omitted).
> This principle has been applied in cases involving a variety of criminal and non-criminal investigations ... These cases, taken together, "stand for the proposition that, in the ordinary case, if a witness under compulsion to testify makes disclosures instead of claiming the privilege, the government has not 'compelled' him to incriminate himself." *Garner v. United States,* 424 U.S. 648, 654 [96 S.Ct. 1178, 1182, 47 L.Ed.2d 370] (1976) (footnote omitted). Witnesses who failed to

claim the privilege were once said to have "waived" it, but we have recently abandoned this "vague term," *Green v. United States,* 355 U.S. 184, 191 [78 S.Ct. 221, 225, 2 L.Ed.2d 199] (1957), and "made clear that an individual may lose the benefit of the privilege without making a knowing and intelligent waiver." *Garner v. United States, supra* [424 U.S.] at 654, n. 9 [96 S.Ct. at 1182, n. 9].

465 U.S. at 427–28, 104 S.Ct. at 1142–43.

Another case of interest is *Ledford v. State* (1989), Ala.Ct. of Crim.Appeals, 551 So.2d 1138. As stated by the court, "[t]he sole issue raised in this appeal is the appellant's contention that the trial court erred to reversal by admitting into evidence in the case *sub judice* testimony given by him in a former trial on another charge" in violation of Ledford's Fifth Amendment right against self-incrimination. 551 So.2d at 1138. Ledford had testified at a 1987 trial for criminally negligent homicide that "he had previously stolen [a] pistol from a car parked in front of the H R Block building in Dothan." 551 So.2d at 1139. In 1988 Ledford was tried for theft of a pistol. He sought to exclude his earlier testimony on multiple grounds to include the argument he had not been given his rights under *Miranda* prior to giving the testimony. The motion to suppress was denied and Ledford's former testimony was admitted into evidence in the prosecution's case in chief.

The Alabama Court of Criminal Appeals affirmed the trial court by concluding Ledford lost the benefit of the privilege, albeit inadvertently and without a knowing and intelligent waiver, when he did not assert his Fifth Amendment right at his earlier trial. In reaching this decision, the court relied in substantial part upon the United States Supreme Court decision in *Minnesota v. Murphy.*

We hold the failure of the record to evidence that Shepherd was advised, on the record, of her right against self-incrimination prior to testifying at her first trial does not render her testimony inadmissible at her retrial. Her testimony was not compelled; therefore, it falls without that par-

ticular Fifth Amendment protection. Of course, our decision on the admissibility of this evidence is limited to the issue presented. We do not consider whether other bases may exist for objecting to the offered testimony.

Judgment reversed.

GARRARD and BUCHANAN, JJ., concur.