**Richard P. JONES, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 27A02–9012–CR–704.[1]

Court of Appeals of Indiana, Third District.

Nov. 19, 1991.

of the Chief Judge.

Brent Westerfeld, Indianapolis, for appellant-defendant below.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff below.

STATON, Judge.

Richard Jones appeals his convictions for child molesting, a Class D felony.[2] He presents three issues for our review:

I. Whether admission of opinion testimony over Jones' objection invaded the province of the jury and constituted reversible error?

II. Whether the trial court erroneously denied Jones' Motion to Dismiss?

III. Whether the admission of testimony concerning Jones' prior contacts with a child welfare caseworker denied Jones a fair trial?

We reverse and remand.

A two-count information filed on November 16, 1989 alleged that Jones fondled his adoptive daughter K.J. during the year of 1988 and during the year of 1989. Jones was convicted of the charges against him following a jury trial held on July 23, 1990 and July 24, 1990.

## I.

### *Opinion Testimony*

Sandra Duecker, a Grant County Child Welfare Protective Services investigator, testified that she twice interviewed K.J. concerning K.J.'s allegations that Jones molested her. The second interview was videotaped. Duecker testified that K.J.'s videotaped statements were consistent with her in-court testimony and that K.J. demonstrated behavioral characteristics consistent with a history of sexual abuse. Duecker was additionally permitted to opine, over

---

2. IND.CODE 35–42–4–3.

Jones' objection, that K.J. was sexually molested:

> STATE: In your professional opinion, was [K.J.] sexually molested?
> DEFENSE: Objection, your Honor, in the province of the jury—no foundation has been laid for her opinion.
> STATE: Once again, your Honor, I think we've qualified—
> COURT: Objection will be overruled.
> STATE: Thank you very much. You may answer that question.
> DUECKER: Yes I do.

Record, pp. 236–37.

■ Neither an expert or lay witness may testify that another witness is telling the truth. The admission of such testimony invades the province of the jury. *Shepherd v. State* (1989), Ind., 538 N.E.2d 242, 243, *reh. denied.* All witnesses are presumed to speak the truth, and may not be accredited until discredited by the evidence or otherwise. *Thompson v. State* (1988), Ind.App., 529 N.E.2d 877, 878, *trans. denied.* It is essential that the trier of fact determine the credibility of the witnesses and the weight of the evidence; the preclusion of opinion testimony facilitates this process. *Id.*

■ However, our supreme court has recognized that a special problem may exist in assessing credibility where children testify concerning sexual conduct. Children may be more susceptible to influence and may describe sexual organs and functions in unusual terms. *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 125. Therefore, some accreditation of a child's testimony is permitted in the form of opinions from those acquainted with the child that the child is not prone to exaggerate or to fantasize about sexual matters. *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, 925. However, a witness may not directly assert his or her belief in the child's testimony. *Saylor v. State* (1990), Ind.App., 559 N.E.2d 332, 334, *trans. denied.* Opinion testimony which takes a direct form such as "I believe the child's story" or "In my opinion the child is telling the truth" impermissibly

invades the province of the jury. *Douglas v. State* (1985), Ind.App., 484 N.E.2d 610, 612; *Head v. State* (1988), Ind., 519 N.E.2d 151, 153; *Thompson, supra,* at 879; *Stewart, supra,* at 125.

■ Here, a witness asserted her belief as to the truth of J.K.'s allegations, invading the province of the jury to assess J.K.'s credibility. Jones' convictions must be reversed.

## II.

### Motion to Dismiss

■ On April 3, 1990, Jones filed a written motion to dismiss the charges against him. He contended that the two count information failed to disclose the dates of the alleged molestations with sufficient specificity to enable him to raise an alibi defense. The motion to dismiss was denied on May 4, 1990.[3]

IND.CODE 35–34–1–2(a)(5) and (6) provide:

> "(a) The indictment or information shall be in writing and allege the commission of an offense by:
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (5) Stating the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense;
> (6) Stating the time of the offense as definitely as can be done if time is of the essence of the offense."

In *Hodges v. State* (1988), Ind., 524 N.E.2d 774, our supreme court considered an appellant's contention that the two count information against him failed to satisfy the requirements of I.C. 35–34–1–2(a)(5)–(6). The information alleged that Hodges had committed acts of child molestation between August 1982 and September 1984. Hodges asserted that he was prevented from presenting alibi or insanity defenses because the time period referenced in the information was so broad. In concluding that the challenged information was drafted with sufficient specificity, the

---

**3.** While the erroneous admission of opinion testimony, discussed in Issue I, *supra,* requires reversal of Jones' convictions, we address his contention that all charges against him should have been dismissed in order to determine whether remand for a new trial is appropriate.

court reaffirmed the holding of *Merry v. State* (1975), 166 Ind.App. 199, 335 N.E.2d 249, *trans. denied.*

In *Merry,* the court found sufficient an information which alleged that the defendant had committed incest "on or about the fifth day of December, 1970, to on or about the fifth day of September, 1973." *See also Phillips v. State* (1986), Ind.App., 499 N.E.2d 803, 805; *Hoehn v. State* (1984), Ind.App., 472 N.E.2d 926, 928, *reh. denied.*

We conclude that the information filed herein was sufficiently specific to inform Jones of the charges against him and permit the presentation of any available defenses.

### III.

#### *Prejudicial Testimony*

We need not address Jones' argument that he was unduly prejudiced by Duecker's testimony concerning prior contacts with Jones (to which Jones lodged no objection) as we reverse due to the improper admission of opinion testimony.

Reversed and remanded.

SHIELDS and SULLIVAN, JJ., concur.