142 F.3d 439
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles CALHOUN, Jr., Petitioner-Appellant,
v.
Al. C. PARKE, Respondent-Appellee.
 No. 96-1135.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Mar. 26, 1998*.
Decided Mar. 27, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. No. 2:94cv243AS Allen Sharp, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Charles Calhoun, Jr., filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging ineffective assistance of appellate counsel, prosecutorial misconduct, and denial of a fair trial because of trial judge error. The district court denied Calhoun's § 2254 petition on the merits and issued a certificate of probable cause.[1] We affirm.
 
 
 2
 The facts as found by the Supreme Court of Indiana in Calhoun v.. State, 484 N.E.2d 7, 8-9 (Ind.1985) are as follows: In March 1982, Calhoun entered a barbershop in Gary, Indiana, to purchase a lottery ticket. The proprietor informed Calhoun that it was too late to purchase the ticket, but offered to sell Calhoun a lottery ticket for the next day. Shortly thereafter, Ronald Johnson, who was intoxicated, entered the barbershop and offered Calhoun a drink of wine from his bottle. Calhoun replied that he was not a "winehead" and hit Johnson, knocking him back. Calhoun then grabbed Johnson by the collar and threatened to kill him. Calhoun pulled out his gun and shot Johnson. The bullet entered Johnson's cheek and lodged in his skull. Johnson died from the gunshot wound. Calhoun was convicted of murder and of being a habitual offender.
 
 
 3
 Calhoun's habeas corpus petition was filed before April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act (AEDPA) does not govern our analysis. Lindh v. Murphy, 521 U.S. 320, ----, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997). Before and after the enactment of the AEDPA, relief under § 2254 is only available when a petitioner's custody violates the Constitution, treaties, or laws of the United States. Gonzalez v. DeTella, 127 F.3d 619, 621 (7th Cir.1997), petition for cert. filed, Jan. 12, 1998 (No. 96-1707). Under pre-AEDPA standards, we review the state court's factual determinations that are reasonably based on the record as presumptively correct. Neumann v. Jordan, 84 F.3d 985, 987 (7th Cir.1996). We review the district court's findings of fact under a clearly erroneous standard and the merits of the district court's legal conclusions de novo. Kavanagh v. Berge, 73 F.3d 733, 735 (7th Cir.1996).
 
 
 4
 On appeal, Calhoun identifies six issues for review, which we categorize into three claims: (1) whether Calhoun was denied effective assistance of trial and appellate counsel; (2) whether alleged prosecutorial misconduct denied Calhoun his right to due process and a fair trial; and (3) whether the Indiana trial court deprived Calhoun of a fair trial.
 
 
 5
 Calhoun asserts his trial counsel was ineffective because counsel failed to: investigate alleged threats against Calhoun; adequately cross-examine state witnesses; investigate or object to the admission of testimony concerning the victim's wine bottle and coat; object to the prosecution's cross-examination of Calhoun; object to or ask for a mistrial when the prosecutor commented on Calhoun's right to subpoena witnesses; object to "highly prejudicial" opening statements and closing arguments; adequately oppose the admission of a police report into the record; object to the omission of the opening statements and closing arguments from the trial transcript; and object to the prosecutor alleging robbery as Calhoun's motive for entering the barbershop. Calhoun also argues that appellate counsel failed to present an adequate appeal.
 
 
 6
 In order to succeed on an ineffective assistance of counsel claim, Calhoun must show that counsels' performance fell below an objective standard of reasonableness and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In light of the district court's thorough analysis, with which we are in accord, we will not re-analyze each of Calhoun's allegations of ineffective assistance of counsel. In fact, beyond Calhoun's mere allegations, he has provided little or no relevant argument to support his claims. Further, he has given no indication of how or why counsels' actions prejudiced him. Calhoun must show that his counsels' unprofessional errors rendered his trial and appeal fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). This he has not done. Therefore, we conclude that Calhoun has not met the Strickland standard in order to establish that he received constitutionally inadequate representation.
 
 
 7
 Next, Calhoun asserts that he was denied his right to due process and a fair trial because of prosecutorial misconduct. Calhoun asserts that the prosecution used false and fabricated evidence which "amounted to perjury." In support of his claim, he indicates several discrepancies in the trial testimony of the pathologist, a witness threatened by Calhoun, and witnesses who testified to the murder. After reviewing the trial record as a whole in determining whether the witnesses' alleged inconsistent statements rose to the level of perjury, we conclude that Calhoun is not entitled to a new trial. Patel v. United States, 19 F.3d 1231, 1237 (7th Cir.1994). Calhoun has not provided evidence that the "perjured" testimony related to his guilt or innocence or that the testimony affected the jury's judgment. See United States v. Saadeh, 61 F.3d 510, 523 (7th Cir.), cert. denied, 516 U.S. 990, 116 S.Ct. 521, 133 L.Ed.2d 428 (1995). In addition, Calhoun was not only aware of the discrepancies, but his counsel cross-examined these witnesses in order to expose any alleged perjury. See id. Under these circumstances, charging the prosecution with misconduct for testimonial inconsistencies is not warranted.
 
 
 8
 Calhoun also asserts prosecutorial misconduct based on the government's cross-examination of Calhoun's failure to subpoena a witness to testify that the victim had a knife. After counsel had asked Calhoun: "Subpoena anybody here today?," the trial judge held a side bar and admonished the prosecutor. The prosecutor then withdrew the question. The prosecution cannot comment on a defendant's failure to call witnesses when the only witness is the defendant himself. Bergmann v. McCaughtry, 65 F.3d 1372, 1377 (7th Cir.1995), cert. denied, 517 U.S. 1160, 116 S.Ct. 1552, 134 L.Ed.2d 654 (1996). However, if other witnesses could testify or rebut evidence, the prosecution's comments on the failure to call witnesses is not objectionable. See id.; see also United States v. Butler. 71 F.3d 243, 254-55 (7th Cir.1995). Here, Calhoun testified that he was not the only person who could have testified that Johnson carried a knife; therefore, the prosecution's remark does not implicate the Constitution.
 
 
 9
 Calhoun criticizes the prosecution for suggesting his motive to enter the barbershop was robbery. Although Calhoun claims this suggestion is constitutional error, he admitted to having a history of armed robberies. A prosecutor does not engage in misconduct by commenting on otherwise admissible evidence, including linking a defendant's prior misbehavior to his motive. See United States v. Fakhoury, 819 F.2d 1415, 1423 (7th Cir.1987), cert. denied, 484 U.S. 1026, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988).
 
 
 10
 Calhoun asserts that the prosecutor's question regarding the state witnesses' veracity constituted misconduct. See Shepherd v. State, 538 N.E.2d 242, 243 (Ind.1989) (lay witness not competent to testify whether another witness is or is not telling the truth). Calhoun's assertion is based on Indiana law: he does not allege a constitutional violation. Errors of state law do not support a writ of habeas corpus unless "all things considered the trial posed an unacceptably great risk of convicting an innocent person, and the judicial process therefore denied the accused due process of law." Gonzalez, 127 F.3d at 621. Here, the prosecutor's questioning did not rise to the level of a due process violation. After reviewing Calhoun's allegations of prosecutorial misconduct, we conclude that the alleged misconduct did not "infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Lieberman v. Washington, 128 F.3d 1085, 1097 (7th Cir.1997) (citations omitted).
 
 
 11
 Last, Calhoun asserts that the state trial judge's erroneous rulings constituted judicial misconduct denying him a fair trial. Calhoun maintains that by allowing the prosecution to use his criminal record to support their motive theory, the court admitted inadmissible evidence. Calhoun's other allegations of judicial misconduct include the court allowing other "prejudicial" evidence into the record and the court's suggestion on how appellate counsel should file Calhoun's motion to correct errors. Once again, errors based on state law, including a court's evidentiary findings, do not rise to the level of constitutional error suitable for § 2254 review. Gonzalez, 127 F.3d at 621; see also Neumann, 84 F.3d at 988.
 
 The district court judgment is
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The district court found that the state court's delay in ruling on Calhoun's post-conviction petition excused Calhoun from having to comply with the exhaustion requirement under 28 U.S.C. § 2254(b). See Lane v. Richards, 957 F.2d 363, 365 (7th Cir.1991) (district court determines whether delay is justifiable; if not, district court deems state remedies exhausted), cert. denied, 506 U.S. 842, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992). The state does not challenge the district court's conclusion that Calhoun need not comply with the exhaustion requirement