Billy E. LAWRENCE, Sr., Appellant,

v.

STATE of Indiana, Appellee.

No. 982S368.

Supreme Court of Indiana.

June 29, 1984.

Harry W. Hanson, Washington, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Billy E. Lawrence, Sr., was convicted on four counts of the offense of child molesting in violation of Ind.Code § 35–42–4–3(a). Appellant was forty-four years of age at the time of the alleged offense, and the putative victim in each count was a nine year-old neighborhood girl. The separate counts charged fondling, sexual intercourse, and anal and oral copulation. He received sentences totalling fifty years.

I.

The first question is whether the trial court erred in admitting evidence of a rape conviction of appellant twenty-two years before the charged offenses, in Illinois in 1959. The evidence was objected to on the basis that it was irrelevant. The objection was overruled. The gravamen of the argument on appeal is that the 1959 conviction and the sexual misconduct which it represented had no logical relevancy at all after taking place to prove alleged acts of sexual misconduct subsequently charged, and that any strand of relevance extending into the future time from 1959, became attenuated and then totally non-existent by the passage of time prior to 1981, when the acts forming the basis of the present charges took place.

■ Relevancy is the tendency of evidence to establish a material proposition. In order to be admissible in the prosecution's case-in-chief, evidence must be probative of guilt.

■ The general rule in Indiana for the admission of evidence of separate, independent and distinct crimes in establishing the guilt of the defendant is that such evidence is irrelevant and inadmissible subject to several exceptions. Among them is the exception for the admissibility of prior criminal acts which show the defendant had a depraved sexual instinct, when the charges upon which he is being tried involve that same instinct. *Miller v. State,* (1971) 256 Ind. 296, 268 N.E.2d 299; *Austin v. State,* (1974) 262 Ind. 529, 319 N.E.2d 130. Appellant's prior rape conviction was admitted on the basis that it was circumstantial evidence of his guilt of the sexual misconduct charged in this case. Consent of the victim is not at issue.

■ In this case, appellant was twenty-two years old in 1959 and forty-four years old in 1981. Throughout this span of years, a man normally maintains an active sexual interest in and at least some degree of sexual aggression toward women. Achieving sexual connection with a nine year-old child is a sexually aggressive act, accomplished by overpowering and intimidation. It is similar in character to the sexual aggressive attitude accompanying an approach to a woman by force, threat and engendering fear. Since the male sexual attitude normally continues and persists through these years, the passage of time alone would not end any strand of relevance having it as its basis. The argument made is not sustained. *Augustine v. State,* (1984) Ind., 461 N.E.2d 101.

II.

Faced with limited evidence of physical trauma to support these charges, the witness, Norma Newman, a clinical social worker, was called to the stand during the State's case-in-chief immediately following the testimony of the child. She first explained that she had spent six hour long sessions with the child over a five-month period following the alleged assaults. She also stated that the exact nature of the assaults was not touched upon in any of the sessions. Under questioning by the prosecutor in the case-in-chief, the following occurred:

"Q. Have you come into any conclusions concerning her perception of reality?

A. I believe (the alleged victim) has a strong ability to know what happens to her.

\* \* \* \* \* \*

Q. Did you receive any indication or is it your opinion that it is possible that she fabricated the story concerning her sexual trauma, out of some sort of need?

\* \* \* \* \* \*

A. None. The only thing I noted was a great anxiety on (her) part to be very sure she was telling the truth very precisely. She had anxiety about preciseness."

Defense counsel made continuing and immediately contemporaneous objections to these questions on the basis that they invaded the province of the jury, and constituted an impermissible attempt to accredit the victim witness. The objections were overruled.

█ It is essential to a trial of issues of fact that the trier of fact determine which witnesses are worthy of belief and which are not, and what testimony is the more reasonable and probable; that is, it must determine the credibility of the witnesses and the weight of the evidence. There is no lawful trial of fact without such an assessment by the judge or jury at an original, individual, or personal level. The law demands that those trial tactics and procedures which aid and enrich the process be encouraged, and those which hinder it be discouraged. The rule that all witnesses are presumed to speak the truth, and may not be accredited until discredited by the evidence or otherwise, *Bryant v. State*, (1954) 233 Ind. 274, 118 N.E.2d 894, and *Norton v. State*, (1980) 273 Ind. 635, 408 N.E.2d 514, serves the process. The rule which precludes the giving of opinion testimony which invades the province of the jury likewise serves the process. *Limp v. State*, (1982) Ind., 431 N.E.2d 784.

█ Courts have recognized that there is a special problem in assessing the credibility of children who are called upon as witnesses to describe sexual conduct. They often employ unusual words to describe sex organs, and the manner in which they function, and have lively imaginations which can color their testimony. Some are easily influenced by suggestions of parents and other adults. In *Thomas v. State*, (1958) 238 Ind. 658, 154 N.E.2d 503, a child molesting case, this Court stated:

"We know through common experience and psychology that a usual attribute of children is imagination and that they are easily susceptible to suggestion. Outside ideas adopted by them easily become realities and they honestly believe their imaginings to be true."

Whenever an alleged child victim takes the witness stand in such cases, the child's capacity to accurately describe a meeting with an adult which may involve touching, sexual stimulation, displays of affection and the like, is automatically in issue, whether or not there is an effort by the opponent of such witness to impeach on the basis of a lack of such capacity. The presence of that issue justifies the court in permitting some accrediting of the child witness in the form of opinions from parents, teachers, and others having adequate experience with the child, that the child is not prone to exaggerate or fantasize about sexual matters. Such opinions will facilitate an original credibility assessment of the child by the trier of fact, so long as they do not take the direct form of "I believe the child's story", or "In my opinion the child is telling the truth". As we read the challenged testimony of the social worker in this case it did not take this direct form, and was thus properly permitted by the trial court to be heard by the jury.

The conviction is affirmed and oral argument denied.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.