Robert Dwayne DOUGLAS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–184A3.

Court of Appeals of Indiana,
Fourth District.

Oct. 29, 1985.

Richard Walker, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Robert Wayne Douglas was convicted by jury of criminal deviate conduct, a Class B felony, and child molesting, a Class C felony, and was sentenced to six years in prison. He appeals, raising these three issues:

1) whether the trial court erred by refusing to require production of police reports;

2) whether the court erred by allowing an expert witness to give an opinion as to whether the young victim was telling the truth; and

3) whether the evidence was sufficient to sustain his convictions.

We reverse and remand for a new trial.

The alleged incident occurred on January 3, 1983. M.R., the four-year-old male victim, rode with Douglas to the bank. M.R.'s mother had some banking transactions to complete and had driven separately so that Douglas, her boyfriend, could return his car to his son. While M.R.'s mother was at the drive-up window, Douglas parked at the side of the bank. As they waited, Douglas unzipped his pants, exposed his penis, placed his hands on M.R.'s head, and made M.R. perform fellatio upon him. Thereafter, Douglas fondled himself and, according to M.R.'s testimony, "peed on the floor" of the car. Douglas then drove to his son's home. M.R.'s mother followed in her car. When Douglas exited the car, M.R.'s mother noticed his pants were unzipped. Suspicious due to other unexplained incidents, she questioned M.R. while Douglas was inside his son's house. M.R. then described what had occurred earlier. The instant charges resulted.

Douglas first contends the trial court erred in refusing to compel the state to produce all relevant police reports. He neglects to mention, however, that the Supreme Court of Indiana issued a Writ of Mandamus in this case which required the trial court to exclude police reports from the discovery orders.[1]

We have no power to review the actions of our supreme court. A trial court does not err by obeying a Writ of Mandamus issued by the highest court of this state.

Next Douglas argues the trial court erred in allowing the state's expert witness to give her opinion as to whether M.R. was telling the truth about the incident. On direct examination Brenda Turnbloom, a psychiatric social worker, was asked her opinion as to whether M.R. was telling the truth. Over appellant's objection, she answered: "I believe M.R. I think he's telling the truth." She then testified to objective observations of M.R.'s behavior which led her to believe his story was true.

The trial court clearly erred in allowing her to give an opinion of the truthfulness of another witness. Our supreme court has specifically held that such statements are improper, explaining:

> Whenever an alleged child victim takes the witness stand in such cases, the child's capacity to accurately describe a

---

1. Curiously this fact was missing not only from appellant's statement of the case, but also from his statement of the facts, as well as his entire argument section on this issue.

meeting with an adult which may involve touching, sexual stimulation, displays of affection and the like, is automatically in issue, whether or not there is an effort by the opponent of such witness to impeach on the basis of a lack of such capacity. The presence of that issue justifies the court in permitting some accrediting of the child witness in the form of opinions from parents, teachers, and others having adequate experience with the child, that the child is not prone to exaggerate or fantasize about sexual matters. Such opinions will facilitate an original credibility assessment of the child by the trier of fact, *so long as they do not take the direct form of "I believe the child's story", or "In my opinion the child is telling the truth".*

(emphasis added.) *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, 925. It is permissible in child molesting cases to question an expert witness regarding objective indications that the child might be fabricating the story or objective observations of the child's behavior which would lend credence to the child's testimony. Nevertheless, the ultimate factual determination of whether the incident actually occurred should be made by the trier of fact. To admit such testimony over appellant's objection was reversible error and entitles appellant to a new trial.

Finally, Douglas challenges the sufficiency of the evidence supporting his conviction for criminal deviate conduct and child molesting.

The charging instrument in this case appears to be an innovative attempt to circumvent the constitutional prohibition of double jeopardy by charging appellant twice for the same offense. Douglas was charged with criminal deviate conduct and child molesting. The information alleged in pertinent part:

On or about the 3rd day of January, 1983, in Madison County, State of Indiana, ROBERT DWAYNE DOUGLAS did knowingly cause M.R. to submit to deviate sexual conduct, to-wit: place M.R.'s mouth on the penis of ROBERT DWAYNE DOUGLAS while M.R., who was four (4) years of age, was so mentally deficient that he could not consent to such deviate sexual conduct.

. . . .

On or about the 3rd day of January, 1983, in Madison County, State of Indiana, ROBERT DWAYNE DOUGLAS did submit to fondling and touching of ROBERT DWAYNE DOUGLAS' penis by M.R., a child who is under the age of twelve (12) years with the intent to arouse or satisfy the sexual desire of ROBERT DWAYNE DOUGLAS.

Both counts refer to the touching of Douglas' penis by M.R. Neither during the investigation of the incident nor during the trial was there any indication or allegation that any touching or fondling had occurred other than the single touching of Douglas' penis by M.R.'s mouth. Furthermore, if the state's intention was to properly allege facts supporting the fondling charge as a factually included offense, the greater offense should have been charged as deviate sexual conduct under the child molesting statute, which criminalizes all sexual acts against children, deviate sexual conduct as well as touching or fondling. *See* IND.CODE 35–42–4–3(a) and (b).

We do not reach the double jeopardy issue in these convictions, however, since the evidence supporting one of the charges was clearly insufficient. The applicable section of the criminal deviate conduct statute, IC 35–42–4–2, under which Douglas was charged, provides:

A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when:

. . . .

(3) the other person is so mentally disabled or deficient that consent to the conduct cannot be given; commits criminal deviate conduct, a Class B felony.

Deviate sexual conduct is defined by IC 35–41–1–2 as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person." The term "mentally deficient" as alleged in the charging information is not defined. *Web-*

*ster's New World Dictionary,* College Edition (1966), defines "mental deficiency" as:

> lack of some mental function or functions present in the normal individual, congenital subnormality of intelligence; amentia; feeble-mindedness; it ranges from idiocy to moronity.

██ In order to convict Douglas of this crime the state was required to prove the victim was mentally disabled or deficient. The evidence at trial indicated that M.R. was of average intelligence and was not mentally disabled or deficient in any way. To interpret the words "mentally disabled or deficient" to include children of normal intelligence is unwarranted. The rule of strict construction prohibits us from enlarging a criminal statute beyond the fair meaning of the language used. *Witte v. Dowd* (1951), 230 Ind. 485, 102 N.E.2d 630, 640. Moreover, it is our duty to construe legislative enactments according to the natural and most obvious import of the language, without resorting to forced constructions for the purpose of either limiting or extending their operations. *State v. Fairbanks* (1918), 187 Ind. 648, 115 N.E. 769. The plain and ordinary meaning of the words "mentally disabled or deficient" is subnormal intelligence or mental disease or defect. Youth alone cannot be considered a mental defect. The state failed to prove the crucial element of mental infirmity, thus Douglas' conviction for criminal deviate conduct must be reversed. Since we reverse for insufficiency of the evidence, Douglas may not be retried on this count. *See Burks v. United States* (1978), 437 U.S. 1, 15–16, 98 S.Ct. 2141, 2149–2150, 57 L.Ed.2d 1; *Webster v. State* (1980), 274 Ind. 668, 413 N.E.2d 898.

Our reversal of count one cures the double jeopardy problem presented by the duplicative convictions in this case. Consequently, Douglas may be retried on the remaining charge of child molesting by touching or fondling unless we find the evidence was insufficient for conviction.

The child molesting statute, IC 35–42–4–3, provides in pertinent part:

> (a) A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury.
>
> (b) A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

Douglas was charged under section (b) of the statute. He argues the state failed to prove a touching or fondling had occurred other than the single oral-genital contact of fellatio.

██ Use of the hands is not an essential element of touching or fondling. *See Owens v. State* (1981), Ind.App., 424 N.E.2d 169. Oral-genital contact is in itself a touching or fondling of a person, thus evidence of fellatio was sufficient to prove a touching had occurred. We note, however, that if the state had initially filed both the deviate sexual conduct and touching or fondling charges under the child molesting statute, the fondling charge would have been a factually included lesser offense of the crime of deviate sexual conduct, since only a single sexual act had occurred. *See Lechner v. State* (1982), Ind. App., 439 N.E.2d 1203 (child molesting by fondling not an inherently included lesser offense of child molesting by deviate sexual conduct).

We therefore remand this cause for a new trial in accordance with this opinion.

MILLER, J., concurs.

CONOVER, J., dissents with attached opinion.

CONOVER, Judge, concurring in part and dissenting in part.

I concur in part and dissent in part.

I agree (a) this court has no power to review actions taken by our Supreme Court, (b) the trial court did not err by obeying the Supreme Court's writ of mandamus, and (c) the evidence was insufficient to prove the mental deficiency or disability element of IND.CODE 35–42–4–2(a)(3). Next, after consideration of the charging information, the statutory sections, and *Smith v. State* (1985), Ind., 477 N.E.2d 857, 866, I agree a conviction on both charges presents a double jeopardy problem which is resolved by our determination the evidence was insufficient to sustain the unlawful deviate conduct charge. Finally, I agree the acts here complained of constitute fondling under the child molesting statute, IND.CODE 35–42–4–3(b).

I disagree, however, with the conclusion a new trial is necessary because the expert witness testified in her opinion the four-year-old victim was telling the truth. At most, this was harmless error.

In *Lawrence v. State* (1984), Ind., 464 N.E.2d 923, at 925 our Supreme Court said by way of obiter dicta the testimony of an expert witness could not take the direct form of a statement of opinion a child victim was telling the truth. The rationale for the rule is well known and oft-stated: the giving of opinion testimony concerning the truth of a statement invades the province of the trier of fact. In *Lawrence,* the expert's testimony opinion did not include the prohibited direct statement of opinion. Here, the expert's testimony was so phrased. Because it was, the majority reverses.

In other contexts, however, our Supreme Court has decided prompt admonition or other curative measures are sufficient to cure alleged error and protect a defendant's rights. *See, e.g., Johnson v. State* (1985), Ind., 472 N.E.2d 892, 904; *Holland v. State* (1983), Ind., 454 N.E.2d 409, 412; *Dresser v. State* (1983), Ind., 454 N.E.2d 406, 408; *Barnes v. State* (1982), Ind., 435 N.E.2d 235, 238; *Ballard v. State* (1974), 266 Ind., 482, 318 N.E.2d 798, 803. Here

the trial court immediately and properly put the evidence in its proper context:

> ... The jury, of course, may accept or reject this or any other opinion, and it is the jury which will ultimately decide who is telling the truth and who isn't telling the truth. The objection is denied. The witness may answer the question.

(R. 643–644). The court's instruction is sufficient to cure any error in the admission of this evidence.

Further, both before and after she testified the victim was telling the truth in her opinion, she presented, inter alia, a detailed and complete reconstruction of her contacts with the victim, her diagnosis and treatment of him, and the criteria she considered when evaluating events related by child victims concerning sex offenses.

Although he continued to object to admission of the statement (R. 644) Douglas did not request any other curative measure. He sought no mistrial. He thoroughly cross-examined (R. 646–658) and re-cross-examined (R. 663–664) the expert witness. His inquiries included seeking her opinions concerning the effects of the uncommon family situation, the victim's age and dependence upon his mother. If this was error, it was harmless.

I would affirm the child molesting conviction.