Russell WRIGHT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–9107–CR–221.

Court of Appeals of Indiana,
Third District.

Nov. 26, 1991.

R. Brent Zook, Goshen, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Russell Wright appeals his conviction for child molesting.

The facts relevant to this appeal disclose that the seven-year-old victim, M.M., lived with her mother, S.W., and her stepfather, the defendant Russell Wright. M.M. testified at trial that the defendant had told her to lie on the floor with him. He then climbed on top of her and rubbed his penis between her legs. They were both fully clothed at the time.

M.M. testified that similar incidents had occurred before and that it happened twice when they had their clothes partially off. On the latter occasions, the defendant attempted penetration but was unsuccessful. Instead, he rubbed against M.M. until he ejaculated.

After the incidents, the defendant admonished M.M. not to tell anyone. In addition, he promised he would buy her a bicycle if she did not tell.

However, on January 16, 1990, M.M. reported the incidents to a school official. M.M. was placed in a foster home and the State filed an information charging the defendant with child molesting, a Class C felony.

A detective for the Elkhart County Sheriff's Office took a statement from the defendant regarding the incidents. Defendant denied the allegations. The detective also took a statement from M.M.'s mother in which she stated that defendant had admitted molesting M.M. twice. However, she later gave a revised statement denying that the defendant had told her that he molested M.M.

At trial, the State called the victim as the first witness. She testified as to the above-described events.

The State then called Pat Reilly as a witness. Reilly was a social worker and had seen M.M. 27 times in a group setting and five times individually. Reilly testified that she did not believe M.M. to be a child who is prone to fantasize or to exaggerate in sexual matters and that she had learned nothing about M.M. that would be inconsistent with the assertion that M.M. had been a victim of sexual abuse. Defense objected to the latter statements made by Reilly. The trial court overruled the objections.

The State also presented the testimony of the detective. He testified to the statements made by defendant and M.M.'s mother.

M.M.'s mother, S.W., was called as a defense witness. She explained that when she found M.M. had been taken by protective services, she feared she would lose the rest of her children, so she left for Mississippi. When she returned to Indiana, she gave her first statement to the detective admitting that defendant had confessed to molesting M.M. in hopes of having her daughter returned to her. However, she gave a second statement admitting that she had lied about defendant's confessions. She testified that she did not believe in her heart that her husband would molest her daughter. She further testified that she only left her daughter alone with defendant for approximately ten minutes when she would go to the store. Upon returning, she never noticed any unusual behavior from M.M.

Defense then called Kathy Herring as its next witness. Herring was to testify as to a prior inconsistent statement given by the victim. The State objected and made a motion in limine to prevent Herring from testifying to any prior inconsistent statements made by the victim. The State claimed that defense had failed to lay a proper foundation for these statements by failing to cross-examine the victim first as to the prior inconsistent statements. The trial court granted the motion in limine and stated that the testimony would have been permitted if defense had laid a proper foundation.

Defense made an offer to prove at which time Herring testified that M.M. had told her that she did not like her stepfather, the defendant, because he would not let her play. Herring stated that M.M. told her that she had made up the story based on what a friend told M.M. about being molested by her father. M.M. stated that she now lived in a house where she could have all the fun that she wanted. Herring testified that M.M. had admitted on one other occasion that she lied about her stepfather

molesting her. She also admitted that M.M. had once told her that her stepfather had molested her twice, but then increased the molesting to five times, then increased the number again.

The defense then called the defendant to testify. The defendant denied ever having molested the victim.

The jury returned a verdict of guilty of child molesting. The defendant was sentenced to three years imprisonment.

Two issues are raised by the defendant for appeal:

(1) whether he was denied effective assistance of counsel; and

(2) whether the trial court erred in allowing certain statements made by the social worker, Pat Reilly, at trial.

■ To prevail on a claim of ineffectiveness of counsel, a defendant must show (1) that his counsel's errors were unreasonable, and (2) that these errors prejudiced his defense. The defendant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 378. To meet this burden, the defendant must overcome by strong and convincing evidence a presumption that counsel has prepared and executed his client's defense effectively. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1206. This Court will not speculate on the most advantageous strategy that defense should have pursued. Nor will isolated bad tactics necessarily constitute ineffective assistance. *Id.* However, when failure of counsel is based on ignorance of the law, the nonfeasance is not deemed a mere strategy decision and may constitute ineffective assistance of counsel. *Gann v. State* (1990), Ind.App., 550 N.E.2d 803, 805.

■ Defendant's trial attorney failed to question the victim regarding the prior inconsistent statements made to Kathy Herring; thus, Herring was not allowed to testify because a proper foundation had not been laid. *See Lewis v. State* (1983), Ind., 451 N.E.2d 50 (a witness must be given a chance to deny or explain a prior inconsistent statement before it is introduced against her). Defendant argues that his counsel's errors resulted in relevant and probative evidence not being admitted which undermines the confidence in the verdict. Defendant notes that the only direct evidence of the molesting was the testimony of the victim. Therefore, the credibility of the victim was very much an issue in this case. Additionally, the social worker's testimony accredited the victim's testimony somewhat.

Here, defense counsel actually possessed evidence to impeach the testimony of the victim. This was the only evidence that defense counsel possessed to impeach the credibility of the witness. However, defense counsel blundered in getting Herring's testimony into evidence by failing to lay a proper foundation for the testimony. Due to the fact that the victim's credibility was the major factor in the case, it was crucial for the defense to admit any evidence that would have questioned her credibility. Defense's failure to get this evidence admitted resulted in severe prejudice to the defendant. This amounts to ineffective assistance of counsel.

■ Since this Court is reversing this case and ordering a new trial, the second issue will be discussed since it may arise during retrial. Defendant claims that his objections to the testimony of Pat Reilly, the social worker, should have been sustained. He contends that her testimony that she did not believe the victim was prone to fantasize or to exaggerate in sexual matters and that she learned nothing about M.M. that would be inconsistent with the assertion that M.M. had been a victim of sexual abuse was, in effect, vouching for the child's credibility.

This issue was decided adversely to defendant in *Lawrence v. State* (1984), Ind., 464 N.E.2d 923. The defendant in *Lawrence* objected to statements made by the social worker that he claimed were an impermissible attempt to accredit the child victim witness. The court in affirming the trial court's decision to allow the statements stated:

"Whenever an alleged child victim takes the witness stand in such cases, the child's capacity to accurately describe a meeting with an adult which may involve touching, sexual stimulation, displays of affection and the like, is automatically in issue, whether or not there is an effort by the opponent of such witness to impeach on the basis of a lack of such capacity. The presence of that issue justifies the court in permitting some accrediting of the child witness in the form of opinions from parents, teachers, and others having adequate experience with the child, that the child is not prone to exaggerate or fantasize about sexual matters. Such opinions will facilitate an original credibility assessment of the child by the trier of fact, so long as they do not take the direct form of 'I believe the child's story,' or 'In my opinion the child is telling the truth.'" *Id.* at 925.

As in the *Lawrence* case, the social worker's comments did not take the form of "I believe the child's story" or "In my opinion the child is telling the truth." These types of statements have continuously been disallowed. *See Stewart v. State* (1990), Ind., 555 N.E.2d 121; *Ulrich v. State* (1990), Ind.App., 550 N.E.2d 114; *Douglas v. State* (1985), Ind.App., 484 N.E.2d 610. Therefore, the trial court did not err in permitting the social worker's answers.

Reversed and remanded for a new trial.

GARRARD and BAKER, JJ., concur.