**Ronald L. LITTLE, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–9407–CR–444.

Court of Appeals of Indiana.

May 24, 1995.

---

Steven P. Meyer, Merritt, Troemel, Meyer & Hamilton, Lafayette, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

A jury found Ronald L. Little, Jr. ("Little") guilty of five counts of child molesting as a class C felony[1] and four counts of child molesting as a class D felony[2] for which he was sentenced to four years in prison.[3] In his appeal, Little presents one restated issue for our review: whether the trial court abused its discretion when it excluded evidence of the victim's past sexual conduct.

We affirm.

The facts most favorable to the State reveal that Little became acquainted with S.W., a thirteen year-old girl, during the summer of 1993. During their acquaintance, Little and S.W. had consensual sexual intercourse on at least five different occasions. Prior to their initial sexual encounter, S.W. told Little that she was thirteen years of age. Little was subsequently arrested and charged with thirteen counts of child molesting.

Little now contends that the trial court erred excluding evidence of S.W.'s past sexual conduct. The trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073, *reh. denied.*

Little argues that the trial court erred in excluding evidence regarding S.W.'s past sexual conduct based upon Ind.Evidence Rule 412. Little states that this evidence was admissible for the purpose of proving his defense, his belief that S.W. was sixteen years old at the time of their sexual encounters.[4] We disagree.

The rape shield statute[5] and Evid.R. 412 (effective January 1, 1994) provide that evidence of a victim's past sexual conduct may not be admitted, nor may any reference be made to this evidence in the presence of the jury, except for the following: (1) evidence of the victim's sexual conduct with the defendant; (2) evidence which shows that some person other than the defendant committed the act upon which the prosecution is founded; or (3) evidence that the victim's pregnancy at the time of trial was not caused by the defendant.[6]

The policy of the rape shield statute is to shield the victims of sex crimes from a general inquiry into their past sexual conduct

---

1. Ind.Code 35–42–4–3(c).

2. I.C. 35–42–4–3(d).

3. More specifically, the trial court ordered Little's four year sentence suspended except for eighty-five days for time previously served.

4. I.C. 35–42–4–3(e) provides a defense to child molesting when the accused person reasonably believed that the child was sixteen years of age or older at the time of the conduct.

5. Codified at I.C. 35–37–4–4.

6. Evid.R. 412 also excepts evidence of conviction for a crime to impeach under Evid.R. 609.

and to prevent victims from feeling that they are on trial. *Kielblock v. State* (1994), Ind. App., 627 N.E.2d 816, 819, *trans. denied.*

Little contends he should have been permitted to cross examine S.W. regarding a statement she made to him about her past sexual experience. Little states that introduction of S.W.'s past sexual conduct was not subject to the limitations of Evid.R. 412 because he was not introducing the evidence for the purpose of proving that S.W. had engaged in prior sexual acts, but instead to show S.W.'s prior sexual acts led him to reasonably believe that S.W. was sixteen years old. However, Little cites no authority to support his contention that Evid.R. 412 or the rape shield statute would allow the introduction of a victim's past sexual experience for the purpose of proving a defense under I.C. 35–42–4–3(e).

Moreover, this court has expressly stated that the legislature has made the determination that evidence of prior sexual history, though arguably relevant to underlying issues, is not admissible except for three strictly limited purposes, and it will not graft additional exceptions to the statute. *Kelly v. State* (1992), Ind.App., 586 N.E.2d 927, 929, *trans. denied. See also Tyson v. State* (1993), Ind.App., 619 N.E.2d 276, 290, n. 15, *trans. denied, cert. denied,* —— U.S. ——, 114 S.Ct. 1216, 127 L.Ed.2d 562.

Little merely invites us to fashion an exception to the rape shield statute and Evid.R. 412 to allow for the admission of a victim's past sexual conduct for the independent purpose of showing the defendant's belief as to the victim's age. We will not establish such an exception. *Id.* Accordingly, we conclude that the evidence of S.W.'s past sexual experience was inadmissible under the rape shield statute and Evid.R. 412 and was properly excluded by the trial court.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.