**Steven E. HOOK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 48A02–9802–CR–118.**

Court of Appeals of Indiana.

Feb. 2, 1999.

Transfer Denied March 7, 1999.

David W. Stone IV, Anderson, for Appellant.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

SULLIVAN, Judge.

Appellant, Steven E. Hook (Hook), appeals his convictions upon two counts of Child Molestation, both Class C felonies.

We affirm.

The facts most favorable to the jury's verdict are that in June of 1995, Hook did on two occasions molest M.K., a child of 13. After the molestations had taken place, M.K.'s cousin witnessed Hook embrace M.K., and she reported that he had his hands on her buttocks. M.K.'s cousin reported what she had seen to M.K.'s mother, who confronted M.K. as to her relationship with Hook. M.K. told her mother that nothing was going on between her and Hook. However, M.K.'s brother discovered a love note that M.K. had written to Hook, and he gave the note to his mother. Upon reading the note, which contained references to inappropriate sexual conduct between M.K. and Hook, M.K.'s mother called the police.

Hook presents two issues on appeal:

I. Whether the trial court erred in excluding evidence of M.K.'s past sexual conduct after the prosecutor allegedly "opened the door" to that evidence in his opening argument.

II. Whether the trial court erred in allowing Detective Koons (Koons) to testify that based upon his professional experience, it was not uncommon for children involved in child molestation cases to give inconsistent statements over time.

■ Decisions on the admission and exclusion of evidence are within the broad discretion of the trial court. We will reverse those rulings only upon a showing by the appellant that the court abused its discretion in making those decisions. *Kremer v. State* (1987) Ind., 514 N.E.2d 1068, 1073, *reh'g. denied.*

*I. Evidence of M.K.'s past sexual conduct*

The prosecutor began his opening statement with the following account:

"This story begins like a story book. A 13–year–old girl, [M.K.], summer vacation, new boyfriend, in love at 13, writing love notes telling the person how much she loves him, flirting, kissing, exploring new things ... in June of 1995, exploring bodies, finding out new things, like a story book." Record at 144.

Hook contends that these statements waived the rape shield statute and opened the door

for Hook to offer evidence of M.K.'s past sexual conduct. He claims that the statements created the false impression that the alleged conduct with Hook was a new experience for her in order to provide a basis for claiming that M.K.'s failure to report the incidents with Hook "was due to her inexperience in such matters and resulting confusion about what she should do." Appellant's Brief at 7. However, Hook fails to point to a place in the record where the prosecutor relates M.K.'s exploration of new things to her failure to report.

█ Additionally, the rape shield statute was created precisely to exclude evidence such as was offered here. The purpose of the statute is to encourage the reporting of sexual assaults and to prevent victims from feeling as though they are on trial for their sexual histories. *Little v. State* (1995) Ind. App., 650 N.E.2d 343, 344–45. The statute contains three specific exceptions to the rule that evidence of a victim's past sexual conduct is inadmissible, and our courts have created a fourth exception which permits evidence that the victim has in the past made demonstrably false accusations of sexual misconduct against others. *See* I.C. 35–37–4–4(b)(1)–(3) (Burns Code Ed. Repl.1998); *Little v. State* (1980) Ind.App., 413 N.E.2d 639, 643. Hook's purpose for offering the evidence of M.K.'s past sexual conduct does not fall within any of these established exceptions,[1] and we will not frustrate the purpose of the statute by "graft[ing] additional exceptions onto the statute." *Kelly v. State* (1992) Ind.App., 586 N.E.2d 927, 929, *trans. denied.*

By dictum, we considered a similar argument in *Tyson v. State* (1993) Ind.App., 619 N.E.2d 276, 290, n. 15, *trans. denied, cert. denied,* 510 U.S. 1176, 114 S.Ct. 1216, 127 L.Ed.2d 562. There, the appellant, in an appeal from a conviction for rape, argued that the state's opening and closing arguments created an "angelic image" of the victim in that case, and that he should have been entitled to impeach that image with evidence of the victim's sexual history. This court concluded that the trial court properly excluded the evidence of the victim's past sexual conduct, although it was arguably relevant to issues such as consent or witness credibility, because it was not offered under any of the exceptions to the rape shield statute. In this case as well, where the relevance of the proffered evidence is questionable, the trial judge's exclusion of the evidence was not an abuse of discretion.

Hook cites to *Steward v. State* (1994) Ind. App., 636 N.E.2d 143, 150, *summarily aff'd. in part and aff'd. in part,* 652 N.E.2d 490, *reh'g. denied,* for the proposition that the prosecutor may open the door to the admission of evidence otherwise barred by the rape shield statute. Unlike the case before us, however, the court in *Steward* found that the exclusion of the evidence in that case violated the defendant's Sixth Amendment right to cross-examination. This holding was not disturbed by our Supreme Court upon transfer. *See infra* note 3, at 7. The rape shield statute itself has been challenged upon grounds that it violates a defendant's right to confrontation. However, each time this challenge has been made, our courts have upheld the statute as constitutional, absent a showing that its use actually impinges on the defendant's constitutional right of cross-examination. *See Woodford v. State* (1986) Ind., 488 N.E.2d 1121, 1126; *Thomas v. State* (1984) Ind., 471 N.E.2d 677, 679, *reh'g. denied.* Therefore, because Hook does not argue that the exclusion of the proffered evidence infringed upon his right to cross-examination and because the evidence does not fall within any exception to the rape shield statute, the trial court correctly excluded the evidence.

## II. Koons' testimony

█ Hook argues that the trial court erred in allowing Koons to testify that in his experience dealing with child molestation cases, it was not uncommon for children to give inconsistent statements over time.

---

1. Hook does not articulate the relevance of the evidence he sought to introduce. However, we can surmise from reading the brief that his theory was as follows: If M.K. had really been molested by Hook, she would have taken some action, such as informing her mother of the in-appropriate conduct. Presumably, he wanted to demonstrate with the evidence proffered that M.K. had had past sexual experiences and thus should not have been confused as to what actions to take regarding Hook's inappropriate actions.

Hook contends that this testimony "improperly bolstered [M.K.'s] credibility by inviting the jury to disregard her inconsistent statements as being normal events." Appellant's Brief at 11. Hook is correct in his assertion that Indiana has a strong policy against allowing a witness to offer an opinion about another witness' credibility. The policy is based upon the premise that the jury is to be the sole judge of credibility, and by allowing a witness to judge the credibility of another witness, the province of the jury is invaded upon. *See Shepherd v. State* (1989) Ind., 538 N.E.2d 242, 243, *reh'g. denied.*

However, in each Indiana case cited by Hook, there is a crucial difference in the testimony offered and the testimony offered in this case. In reversing the convictions of the appellants in those cases, the courts found that the testimony elicited directly vouched for the credibility of another witness' testimony. *See, Stewart v. State* (1990) Ind., 555 N.E.2d 121, 125 (Group home psychologist testified that, in her opinion, the victim's testimony about his experiences with the defendant was trustworthy.); *Jones v. State* (1991) Ind.App., 581 N.E.2d 1256, 1258 (Welfare Protective Service investigator testified that, based on her interviews with the victim, she believed that the victim had been molested.); *Ulrich v. State* (1990) Ind.App., 550 N.E.2d 114, 115 (Psychiatrist testified that "[t]he consistency of that memory indicates to me that she [is] reliable and credible."), *trans. denied; Douglas v. State* (1985) Ind.App., 484 N.E.2d 610, 611 (Psychiatric social worker testified, "I believe [the victim]. I think he's telling the truth."). There is

little doubt that the trial court here would have committed reversible error if Koons had been allowed to testify that, despite the inconsistency in her statements, he believed that M.K. was telling the truth. However, Koons' testimony was not a direct comment upon the credibility of M.K.'s testimony, but was rather an indirect comment on M.K.'s credibility which has been held to be permissible in Indiana.[2]

Our Supreme Court has discussed the complicated issue of whether the child has the capacity to describe the sexual contact with the adult accurately in a child molestation trial. The Court has previously stated:

"The presence of that issue justifies the court in permitting some accrediting of the child witness in the form of opinions from parents, teachers, and others having adequate experience with the child, that the child is not prone to exaggerate or fantasize about sexual matters. Such opinions will facilitate an original credibility assessment of the child by the trier of fact, so long as they do not take the direct form of 'I believe the child's story,' or 'In my opinion the child is telling the truth.'"

*Stout v. State* (1988) Ind., 528 N.E.2d 476, 479 (quoting *Lawrence v. State* (1984) Ind., 464 N.E.2d 923, 925).[3]

In an analogous case, *Jarrett v. State* (1991) Ind.App., 580 N.E.2d 245, 250, *trans. denied,* a doctor was permitted to testify over objection that "most children [the victim's] age do not fantasize about sexual relationships without some prior exposure, and that probably 95% of the children telling stories about sexual encounters at that age

---

2. Hook cites to cases from Massachusetts and Rhode Island, both of which found that the admission of testimony similar to the testimony given by Koons was reversible error. However, as mentioned, this type of evidence has been held admissible in Indiana cases.

3. As well, in similar types of fact scenarios, Indiana courts have allowed witness testimony that a victim's conduct was or was not typical of that class of victims. *See, e.g., Steward v. State* (1995) Ind., 652 N.E.2d 490, 499 (if defense presents or implies unexpected behavior on the part of the child which would otherwise seem inconsistent with the claim of abuse, reliable expert testimony "regarding the prevalence of the specific unexpected behavior within the general class of reported child abuse victims" may

be admissible); *Carnahan v. State* (1997) Ind. App., 681 N.E.2d 1164, 1167–68 (concluding expert testimony about battered women's syndrome admissible to show why victims recant allegations); *Simmons v. State* (1987) Ind., 504 N.E.2d 575, 579 (finding admissible witness's testimony that forgetting details and giving different accounts of the incident is normal occurrence among rape victims); *Henson v. State* (1989) Ind., 535 N.E.2d 1189, 1193 (finding reversible error where court prevented witness from testifying that certain behavior was inconsistent with that of rape victims, where testimony tended to cast doubt upon the credibility of the victim but was not a direct comment as to the victim's credibility).

are telling the truth." The court found that this statement was not a direct assertion of the doctor's belief that the victim was telling the truth, despite the court's recognition that the testimony "tended to show it was likely [the victim] testified truthfully about being molested by [the defendant]." *Id.*

Further, in *Wright v. State* (1991) Ind. App., 581 N.E.2d 978, 980–81, a panel of this court held that it was not an abuse of the trial court's discretion to allow a social worker to testify that she did not believe that the victim was prone to exaggerate or fantasize the events in question, and that she learned nothing about the victim that would be inconsistent with the assertion that the victim was sexually abused. The court on appeal concluded that admission of this testimony was proper because it was not a direct statement regarding the child's credibility. *Id.* at 981. Thus, while Koons' statement may have allowed the jury to discount the importance of the inconsistencies in M.K.'s testimony, it was not a direct comment upon the credibility of M.K.'s testimony. In that we conclude that Koons' testimony was not a direct assertion that he believed M.K. to be telling the truth, we hold that the trial court did not abuse its discretion in allowing his testimony.[4]

The judgment is affirmed.

SHARPNACK, C.J., and HOFFMAN, Senior Judge, concur.

---

4. Notwithstanding this holding and the cases upon which it rests, a cautionary note is appropriate. In many cases, including those here cited, the line between the impermissible vouching for the victim's credibility on the one hand and rendering permissible opinions with regard to a proclivity to not exaggerate or fantasize, on the other hand, is an extremely fine one. Trial courts should be particularly vigilant to avoid creating in the minds of the jurors an unwarranted conclusion that the victim has unquestionably testified fully and accurately concerning the actual facts.