**Richard A. ZAWACKI, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 35A02–0012–CR–771.**

Court of Appeals of Indiana.

Aug. 10, 2001.

---

William E. Daily, Danville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, Judge

Appellant-defendant Richard A. Zawacki appeals his conviction for Sexual Misconduct with a Minor,[1] a class C felony. Specifically, he contends that reversal is warranted because the trial court erred in excluding certain evidence on cross-examination regarding the female victim's purported interest in having a sexual relationship with Zawacki's daughter after the victim had denied such an interest.

*FACTS*

The facts most favorable to the verdict are that on June 15, 2000, fifteen-year-old S.H. went to K.Z.'s house to visit with her. K.Z.'s father, Zawacki, was home at the time, as were other members of K.Z.'s family. At one point, Zawacki called S.H. into another room. Zawacki was seated next to his computer and he showed S.H. some pornographic photographs on the

---

1. IND.CODE § 35–42–4–9(b).

screen. Zawacki then produced three sexual devices and displayed them to S.H.

Later that evening, Zawacki offered to drive S.H. back to her house. Zawacki did not permit his daughter to go with them. While traveling toward S.H.'s home, Zawacki grabbed S.H.'s breasts and moved S.H.'s hand to his crotch area. Although Zawacki warned S.H. not to tell anyone, she reported the incident to her mother approximately one week later.

Thereafter, the State charged Zawacki with one count of sexual misconduct with a minor. Prior to trial, the State filed a motion in limine requesting that Zawacki be prohibited at trial from making any statements or offering any opinions or evidence of reputation relating to "the past sexual conduct" of the victim or witnesses other than the accused. Record at 37. In response, Zawacki filed a "Motion For Offer Of Proof," requesting permission to offer a number of letters into evidence that S.H. had written to K.Z., demonstrating that S.H. was sexually attracted to K.Z. Zawacki also desired to offer evidence that S.H. had asked Zawacki and his wife if they would permit her to have a lesbian relationship with K.Z. R. at 41. That motion further asserted that the Zawackis had denied S.H.'s request and, therefore, S.H. falsely accused Zawacki of committing the charged offense because she was biased against him. Thus, Zawacki maintained that such evidence was relevant and admissible. The trial court granted the State's motion in limine and S.H. denied, on cross-examination, that she had asked the Zawacki's permission to engage in a sexual relationship with K.Z. Thereafter, Zawacki attempted to introduce the letters into evidence that S.H. had written to K.Z., which purportedly demonstrated S.H.'s sexual feelings for K.Z. The trial judge excluded this evidence and also

ruled that Zawacki could not testify that he had refused S.H.'s request for permission to engage in a lesbian relationship with K.Z. Following the jury trial that concluded on October 11, 2000, Zawacki was found guilty as charged. He now appeals.

### DISCUSSION AND DECISION

Before addressing the issue that Zawacki presents today, we note that the decision to admit or exclude evidence is within the trial court's sound discretion and is afforded great deference on appeal. *Bacher v. State,* 686 N.E.2d 791, 793 (Ind. 1997). The admission or exclusion of evidence will not generally be reversed on appeal absent a manifest abuse of discretion that results in a denial of a fair trial. *See Becker v. State,* 695 N.E.2d 968, 973 (Ind.Ct.App.1998). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Myers v. State* 718 N.E.2d 783, 789 (Ind. Ct.App.1999), *trans. denied.* Moreover, this court will find an abuse of discretion when the trial court controls the scope of cross-examination to the extent that a restriction substantially affects the defendant's rights. *Nasser v. State,* 646 N.E.2d 673, 681 (Ind.Ct.App.1995). Evidence of bias, prejudice, or ulterior motives on the part of a witness is relevant at trial, as it may discredit the witness or affect the weight of the witness's testimony. Ind.Evidence Rule 616; *Sigler v. State,* 733 N.E.2d 509, 511 (Ind.Ct.App.2000), *trans. denied.*

Turning to the circumstances presented in the instant case, we first note that the State posited its motion in limine in accordance with the provisions of our Rape Shield Law.[2] In relevant part, this statute provides that:

---

2.  Ind.Evidence Rule 412; IND.CODE § 35–37–4–4.

(a) In a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted, except:

(1) evidence of the victim's or of a witness's past sexual conduct with the defendant;

(2) evidence which shows that some person other than the defendant committed the act upon which the prosecution is founded.

I.C. § 35–37–4–4; Evid.R. 412. The purpose of the Rape Shield Law is to encourage the reporting of sexual assaults and to prevent victims from feeling as though they are on trial for their sexual histories. *Hook v. State*, 705 N.E.2d 219, 221 (Ind.Ct. App.1999), *trans. denied.* This court will not engraft additional exceptions to the rape shield prohibition against inquiry into the past sexual activities of a victim. *Little v. State*, 650 N.E.2d 343, 345 (Ind.Ct. App.1995).

The State leads us to several reported cases in support of its contention that the evidence offered by Zawacki in response to S.H.'s denial that she ever desired to have a sexual relationship with K.Z. was properly excluded. In each of those cases, however, we note that evidence of a prior sexual relationship was involved. *See Hook*, 705 N.E.2d at 220–21 (Ind.Ct.App. 1999) (excluding evidence of a teenage victim's past sexual conduct offered by the defendant to counter the innocent picture of the victim portrayed by the State); *Caley v. State*, 650 N.E.2d 54, 55–56 (Ind.Ct. App.1995), *trans. denied* (excluding evidence of a teenage victim's sexual relationship with a person other than the defendant).

■ Here, the evidence that Zawacki sought to offer at trial does not concern any actual prior sexual activity or conduct on S.H.'s part. The letters contain only written matter, and the request by S.H. to Zawacki only amounted to verbal conduct. The content of the letters and the request directed to the Zawackis by S.H. regarding a possible relationship with their daughter are demonstrative of S.H.'s intentions. The evidence that Zawacki sought to present to the jury was intended to impeach S.H.'s credibility by demonstrating bias, prejudice or an ulterior motive as to her claim against Zawacki. We cannot say that this was an instance where Zawacki sought to introduce this evidence solely for the purpose of prejudicing S.H. in the eyes of the jury. *See Carter v. State*, 505 N.E.2d 798, 800 (Ind.1987) (denial of appellant's attempt to question State's witness regarding her duties as an employee of a "relaxation center" was proper where the only possible reason for such line of questioning was to prejudice the witness). Simply put, the evidence that Zawacki sought to offer did not fall within the confines of our Rape Shield Law. Rather, Zawacki sought to use this evidence in order to show bias on the part of S.H.

As set forth above, S.H. initially testified that she did not request a sexual relationship with Zawacki's daughter. The trial court then precluded Zawacki from impeaching her testimony through the letters and Zawacki's testimony. Inasmuch as the trial court refused to admit the letters and the evidence of S.H.'s request into evidence, that exclusion was error.

We also note that the error cannot be deemed as harmless. Specifically, we note that the central issue in this case hinged upon S.H.'s credibility. Because the defense was not permitted to place evidence of S.H.'s bias, prejudice, and ulterior motive before the jury, the trier of fact was hindered in its assessment of the credibility of the State's primary witness. Thus, we cannot say that the trial court's determination that the evidence was to be ex-

cluded did not contribute to the verdict. As a result, Zawacki's conviction may not stand.

Judgment reversed and remanded for a new trial.

FRIEDLANDER, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

I respectfully dissent. Zawacki claims that the trial court has denied him his constitutional right to confrontation and effective cross-examination by excluding defense evidence concerning the bias, prejudice, and motives of the prosecuting witness. It should be made perfectly clear at the outset that the Rape Shield Statute is facially constitutional. The statute does not violate the defendant's Sixth Amendment right to confront witnesses absent a showing of actual impingement of cross-examination. *Thomas v. State,* 471 N.E.2d 677 (Ind.1984).

The offer of proof requested the court to admit testimony that S.H. had requested permission from Mr. and Mrs. Zawacki to engage in a lesbian relationship with their daughter. The majority posits that this evidence "does not concern any actual prior sexual activity or *conduct* on S.H.'s part." (Emphasis added). I cannot understand how a request to engage in a lesbian relationship could be anything other than an attempt to introduce evidence that implies past sexual conduct. The Rape Shield Law provides that the only way past sexual activity of a victim or witness can be admitted in evidence is: 1) past sexual conduct with the victim; 2) evidence that some person other than defendant committed the act; 3) if victim is pregnant at time of trial and under Evid. R. 412, if the past sexual activity is evidence of conviction for a crime to impeach under Rule 609. I fail to see how admitting a letter requesting permission to enter into a lesbian relationship with the defendant's daughter fits within any of the statutory exceptions or exception to Rule 412.

The trial court in *Rohm v. State,* 558 N.E.2d 1100 (Ind.1990) properly excluded evidence that the complaining witness had stated shortly before the attempted rape that her "birthday wish was to find a lover." The court held that while it was somewhat relevant to the issue of defendant's state of mind on the issue of consent or mistake, the "birthday wish" was for sexual activity with a third party not with the defendant.

If, in fact, Zawacki believed that this evidence should have been admitted under Indiana Evidence Rule 412, he should have filed a written motion describing the evidence at least 10 days before trial. Evid.R. 412(b)(1). This he failed to do so that the evidence was properly excluded.

Rule 412 seeks to prevent undue embarrassment and public humiliation for a sex crime victim and to prevent the trial from becoming an inquiry about her sexual reputation or past conduct. *Williams v. State,* 681 N.E.2d 195, 200 (Ind.1997). It is a rule to protect the victim against unnecessary invasions of privacy in order to remove obstacles to reporting sex crimes. *Id.*