**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 08 2013, 8:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANA CHILDRESS-JONES**
The Law Office of Dana Childress-Jones, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LOUIS TOWNSEND, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1207-PC-389 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48D03-0709-PC-254

**February 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Louis Townsend ("Townsend") was convicted after a jury trial of Criminal Deviate Conduct, as a Class B felony,[1] and Criminal Confinement, as a Class D felony,[2] and his conviction was affirmed upon appeal. He subsequently filed a petition for post-conviction relief, which was denied. He now appeals the denial of that petition.

We affirm.

## Issues

Townsend raises several issues for our review, which we restate as:

I. Whether Townsend's trial counsel was ineffective because he failed to properly lay a foundation at trial to impeach Townsend's victim's testimony concerning whether Townsend used a knife to commit certain of the charged offenses;

II. Whether Townsend's appellate counsel was ineffective because he failed to raise as an issue on appeal the denial of Townsend's motion for directed verdict at trial; and

III. Whether the post-conviction court erred when it did not admit as newly-discovered evidence a transcription of a video recording of Townsend's victim that contained statements inconsistent with her trial testimony.

## Facts and Procedural History

We take our statement of the facts of Townsend's underlying offenses from our opinion resolving his direct appeal in this case:

Townsend and Jennifer Bates ("Bates") had an off and on relationship for a period of about four years. Bates had secured a no-contact order preventing Townsend from seeing her. Bates ran into Townsend, and the next day

---

[1] Ind. Code § 35-42-4-2.

[2] I.C. § 35-42-3-3.

2

Townsend entered her home without permission by letting himself in through the front door. Bates had sent her older daughter off to school and was watching television with her three-year-old daughter. Townsend told Bates that today was the day she was going to die.

Townsend was angry. He entered the bedroom where Bates and her daughter were watching television. The child became upset and Bates took her into another room to calm her. Townsend was calm for a while and then he would get upset again. Townsend said he would kill Bates, let the daughter leave the house, and then kill himself. Whenever Townsend would raise his voice the daughter would come running into the room. Townsend told Bates to tell the child that they were just playing in order to calm the child.

Townsend went into the kitchen and returned with some belts, an electrical cord, and a knife with a long serrated blade. Townsend placed the knife on a table next to the bed. Townsend was described as being agitated, was cussing and insisting that he was going to prison or to the grave. When Townsend made a trip to the bathroom, Bates made a 911 call on her cell phone, but no one answered. When Townsend made another trip to the bathroom Bates made another 911 call while he was gone. When it was answered she whispered her address and told the operator she could not talk. Bates put the phone down, but left the connection open. When Townsend returned and saw the phone he took the phone apart and gagged Bates with a sweatshirt. Townsend got on top of Bates, who partially undressed, and subsequently performed oral sex on her. Bates cried during this occurrence. Townsend removed his belt and took off his pants. The child returned when Bates screamed.

The police arrived. Townsend saw them through one of the windows. Townsend told Bates to tell them everything was OK and they would leave. Bates put her panties and shorts back on. Bates had to move a coffee table from in front of the door in order to open it. There were two police officers outside when Bates opened the door. They had responded to a radio dispatch reporting the 911 call.

Officer Neal and Detective Brizendine asked Bates if everything was OK. Bates said "yes" but indicated through eye movements and gestures to indicate that things were not OK. Detective Brizendine saw that Bates was shaking and crying. He asked Bates and her child to step outside. Officer Neal went into the house where he saw Townsend sitting on the bed. Officer Neal asked Townsend what happened. Townsend said they were arguing over money. Bates told Detective Brizendine about the cord, the belt, and the knife. The

3

Detective went into the house and confirmed the presence of the cord, belt, and knife.

Bates was taken to a hospital and then the sexual assault center. She had been crying during the investigation and examination.

Townsend was taken to the police department where he told the police that the sex he had with Bates was consensual and performed at her request.

Townsend v. State, Slip. Op. No. 48A04-0610-CR-599 (Ind. Ct. App. Aug. 1, 2007) (citations omitted).

On April 24, 2006, the State charged Townsend with Criminal Confinement, as a Class D felony; Criminal Deviate Conduct, as a Class A felony; [3] and Burglary, as a Class B felony. [4] A jury trial was conducted on June 29 and 30, 2006, at the conclusion of which the jury found Townsend guilty of Criminal Confinement, as charged, and Criminal Deviate Conduct, as a Class B felony and lesser-included offense of Criminal Deviate Conduct, as charged. [5] On July 17, 2006, the trial court entered judgment of conviction and sentenced Townsend to three years imprisonment for Criminal Confinement and twenty years imprisonment for Criminal Deviate Conduct, with the sentences run concurrently.

Townsend appealed his conviction, arguing that the trial court improperly limited his cross-examination of Bates when the trial court did not permit into evidence testimony concerning Bates's alleged drug use and that the trial court abused its discretion in imposing

---

[3] I.C. § 35-42-4-2.

[4] I.C. § 35-43-2-1.

[5] The charging information was amended on June 29, 2006. Townsend did not raise during the direct appeal of his conviction and does not cogently raise in this appeal any claim of error associated with the amendment. See Ind. Appellate Rule 46(A)(8)(a) (failure to provide cogent argumentation with citation to authority may waive appellate review).

a sentence.  Id. at 2-4.  We affirmed the judgment.  Id. at 4.

During his sentencing hearing, Townsend expressed dissatisfaction with the performance of his trial counsel, Jeffrey Lockwood ("Lockwood").  On December 1, 2011, Townsend, proceeding pro se, filed a petition for post-conviction relief.  An evidentiary hearing was conducted on May 7, 2012, during which testimony was offered by Lockwood and his appellate counsel, John Wilson ("Wilson").  On July 12, 2012, after the parties submitted proposed findings and conclusions, the trial court entered its findings, conclusions, and order denying Townsend's petition for relief.

This appeal ensued.[6]

## Discussion and Decision

### Standard of Review

Our standard of review in post-conviction proceedings is well-established.

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment.  Conner v. State, 711 N.E.2d 1238, 1245 (Ind. 1999).  The post-conviction court is the sole judge of the evidence and the credibility of the witnesses.  Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004).  To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court.  Graves v. State, 823 N.E.2d 1193, 1197 (Ind. 2005).  Where, as here, the post-conviction court enters findings and conclusions in accordance with Indiana Post–Conviction Rule (1)(6), we will reverse "upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made."  Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted), cert. denied, 534 U.S. 830, 122 S.Ct. 73, 151 L.Ed.2d 38 (2001).  Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the

---

[6] Townsend is represented by counsel in his present appeal.

5

opposite conclusion, will its findings or conclusions be disturbed as being contrary to law. Miller v. State, 702 N.E.2d 1053, 1058 (Ind. 1998).

Hall v. State, 849 N.E.2d 466, 468-69 (Ind. 2006).

A petition for post-conviction relief is not a substitute for a direct appeal from a conviction or sentence. Ind. Post-Conviction Rule 1(1)(b). Post-conviction petitions afford defendants with the opportunity to raise issues not known at trial or unavailable upon direct appeal; claims that were available to a petitioner on direct appeal are not available in a proceeding for post-conviction relief. Bunch v. State, 778 N.E.2d 1285, 1290 (Ind. 2002). "These are applications of the basic principle that post-conviction proceedings do not afford the opportunity for a super-appeal." Id. (citing Wrinkles v. State, 749 N.E.2d 1179, 1187 (Ind. 2001)). Thus, a petitioner waives any freestanding claim of error in his petition where that issue was "known or available at the time of direct appeal but [was] not raised." Reed v. State, 856 N.E.2d 1189, 1193-94 (Ind. 2006).

Ineffective Assistance of Trial Counsel

We turn first to Townsend's claims that Lockwood rendered ineffective assistance of trial counsel by failing to lay proper foundation for impeachment of Bates's testimony concerning whether Townsend used a knife in the commission of the underlying offenses.

Where a defendant claims his right to effective assistance of counsel was violated, he must establish the two components set forth in Strickland v. Washington, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient, that is, falling below an objective standard of reasonableness and denying defendant the right to counsel guaranteed by the Sixth Amendment." State v. Hollin, 970 N.E.2d 147, 151 (Ind.

2012). "Second, the defendant must show that the deficient performance prejudiced the defense by establishing a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is one sufficient to undermine confidence in the outcome. Id.

Performance of counsel is "presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." Ritchie v. State, 875 N.E.2d 706, 714 (Ind. 2007). Counsel is thus afforded discretion in choosing strategy and tactics. Hollin, 970 N.E.2d at 147. "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001). Further, where we may resolve a claim of ineffective assistance on the prejudice prong, we need not and should not address any alleged deficiency in counsel's performance. Helton v. State, 907 N.E.2d 1020, 1023 (Ind. 2009).

Townsend claims that Lockwood failed to attempt to introduce into evidence either a transcript or the video recording of Bates's interview with police shortly after the date of his offenses and thus failed to lay proper foundation for impeachment of Bates's testimony at trial. Townsend draws our attention to two cases decided by this Court, Ellyson v. State, 603 N.E.2d 1369 (Ind. Ct. App. 1992), and Wright v. State, 581 N.E.2d 978 (Ind. Ct. App. 1991), to establish the premise that failure to properly lay foundation for impeachment testimony amounts to ineffective assistance of counsel. Yet he acknowledges that where we may resolve a case on the question of prejudice, we do so.

Here, Townsend notes that during Bates's interview with police shortly after the occurrence of the charged offenses, she stated that she did not see that Townsend had a knife; during subsequent deposition testimony and trial testimony, however, Bates testified that she did see Townsend carrying a knife. Townsend contends that by failing to introduce either a transcript or recording of the interview at trial, Lockwood failed to lay adequate foundation to impeach Bates's trial testimony that she had seen Townsend carrying a knife on the day of the offenses. Observing that Lockwood did not refer to Bates's statement to police during cross-examination of Bates at trial, Townsend further contends that, if Lockwood had seen the video or read the transcript, he would have known of the prior inconsistent statement and would have performed a proper impeachment of Bates that would have resulted in a not guilty verdict on all of the charged offenses.

After the presentation of evidence and closing arguments, the jury returned a guilty verdict on Criminal Deviate Conduct, as a Class B felony, rather than the Class A felony charged.[7] Criminal Deviate Conduct, as a Class B felony, required that the State prove beyond a reasonable doubt that Townsend knowingly or intentionally caused Bates to submit to deviate sexual conduct when Bates was compelled to so submit by force or imminent threat of force. I.C. § 35-42-4-2(a). The Class A felony, as charged, required that the State prove beyond a reasonable doubt that Townsend committed the offense of Criminal Deviate

---

[7] Townsend contends in his brief that his trial counsel invited the State to amend the charging information to add a charge for the lesser-included offense at trial, and sought to punish Townsend by refusing to move the trial court to reset the trial after it had previously granted Townsend's speedy trial motion. Townsend provides neither citation to authority or cogent argumentation on this point, and his claim is therefore waived. See App. R. 46(A)(8)(a).

Conduct either "using or threatening the use of deadly force," I.C. § 35-42-4-2(b)(1), or "while armed with a deadly weapon." I.C. § 35-42-4-2(b)(2).

The transcript from Bates's statement to police indicates that Bates did not notice the knife until after the police arrived, and that Townsend did not use the knife upon her or even expressly threaten her with it. (App. at 75-76.) The limited excerpts from the trial transcript that Townsend has provided reveals that while Lockwood did not refer to Bates's statement to police, he cross-examined Bates as to the presence of the knife and whether Townsend used the knife on her:

Q. Ms. Bates, um, I believe you testified that Louis, you call him Eddie…

A. Um hum.

Q. …made a trip to the kitchen? When he came back he had with him a cord from your sweeper…

A. I didn't know if was from my sweeper at the time.

Q. …and a belt.

A. Yeah.

Q. And this knife that we're talking about?

A. Um hum.

Q. And that he laid them all down at the end of the bed?

A. He laid the cords and belts down and then went to the bathroom and come back and then when he sat down he sat the knife down.

Q. So he took the knife with him to the bathroom the first time?

A. Yes.

9

Q.      Okay.  And the then he came back and he laid the knife down at the end of the bed?

A.      Yes.

Q.      And you never saw it again during this entire episode until after the police got there, is that right?

A.      Right, yeah.

Q.      He never held it to you?

A.      No, he didn't hold it to me.

Q.      Every [sic] threaten to use it on you?

A.      No.

Q.      He ever show it to you?

A.      No.

Q.      He never mentioned that he was going to use it in any way?

A.      No.

***

Q.      When [sic] was the knife when he went to the bathroom the second time?

A.      I, I don't remember sir.  I don't know.  I don't remember.

***

Q.      So, can we take it from that that he left it right where it was?

A.      Probably so.

(App. at 63-65.)

The only contrast Townsend draws between the testimony presented at trial and the content of Bates's original statement to police is that in one, Bates testified that she saw a

knife and in the other she did not—but there is no difference between the two insofar as in neither case did Bates state that Townsend used the knife on her in any way. The jury ultimately declined to convict Townsend of an offense, Deviate Sexual Conduct, as a Class A felony, involving the use of a deadly weapon.

Thus, assuming without deciding that Lockwood's failure either to attempt to introduce into evidence Bates's statement to police or even merely to refer to that statement rose beyond a matter of tactics or strategy to a breach of professional obligations, Townsend has adduced no evidence that he was prejudiced by that decision. He was convicted of the lesser-included offense of Deviate Sexual Conduct, as a Class B felony, and not the Class A-level offense that required the State prove his use of a deadly weapon or threat of deadly force. We therefore affirm the post-conviction court's decision that Townsend did not receive ineffective assistance of trial counsel.

Ineffective Assistance of Appellate Counsel

We turn next to Townsend's claim that his appellate counsel was ineffective. The Strickland test applies in such cases, as it does with claims of ineffective assistance of trial counsel. Timberlake v. State, 753 N.E.2d 591, 603-04 (Ind. 2001). Our supreme court has recognized "three categories of alleged appellate counsel ineffectiveness: (1) denying access to an appeal, (2) failing to raise issues, and (3) failing to present issues competently." Id. at 604.

Townsend's claim in this appeal falls within the second of these categories. He contends in seeking post-conviction relief that Wilson, his appellate counsel, was ineffective

for failing to raise as an issue for appeal whether the denial of the motion for a directed verdict at trial was erroneous. To succeed in a claim for post-conviction relief under such circumstances, Townsend "must show from the information available in the trial record or otherwise known to appellate counsel that appellate counsel failed to present a significant and obvious issue and that this failure cannot be explained by any reasonable strategy." Id. at 607. "[W]hen assessing these types of ineffectiveness claims, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable." Bieghler v. State, 690 N.E.2d 188, 194 (Ind. 1997) (citing Smith v. Murray, 477 U.S. 527, 535-36 (1986)).

Townsend's petition for post-conviction relief centers on the trial court's denial of his motion for directed verdict as to Deviate Sexual Conduct, as a Class A felony. The standard for granting or denying a motion for a directed verdict, properly called a motion for judgment on the evidence, is set forth in Trial Rule 50. Upon motion for judgment on the evidence, a court "shall withdraw" from the jury's consideration those issues that "are not supported by sufficient evidence." Ind. Trial Rule 50(A).

Upon Townsend's motion, the trial court determined there was sufficient evidence to support a verdict for Deviate Sexual Conduct, as a Class A felony, and further instructed the jury as to Deviate Sexual Conduct, as a Class B felony and lesser-included offense. Wilson, acting as Townsend's counsel on appeal, did not raise as an issue for appellate review the trial court's denial of Townsend's motion. Wilson instead challenged the trial court's exclusion from evidence of testimony concerning Bates's alleged drug use and the trial

court's sentencing order.

Townsend now claims that the post-conviction court erred when it found that his appellate counsel "believed there was ample evidence presented in the State's case in chief for the court to deny the motion for directed verdict and there was no basis to appeal that issue." (Appellant's App. at 43-44.) Townsend goes on to argue that because there was no evidence that he caused Bates to submit to deviate conduct when compelled by deadly force, and because Wilson's testimony at the post-conviction hearing did not reveal that he recalled any specifics about his strategy in constructing Townsend's appeal, the post-conviction court accordingly erred when it denied relief.

We do not agree. Wilson's testimony before the post-conviction court encompassed a discussion of his decision-making when settling on issues to pursue upon appeal; he was not able to recall specifically the issues involved in Townsend's appeal. We cannot conclude from this testimony that the post-conviction court lacked sufficient evidence that, at the time he pursued Townsend's appeal, Wilson determined there was sufficient evidence to sustain the trial court's denial of the motion for a directed verdict. Thus, we cannot conclude that the trial court's finding was erroneous.

Even if that finding was erroneous, however, such error was harmless. Townsend argues that there was insufficient evidence to sustain a verdict for deviate sexual conduct where Bates was compelled to submit while he was armed with a deadly weapon. In doing so, he directs us to Bates's testimony at trial that he "laid the knife down, she never saw it again and [he] never threatened to use the knife on her." (Appellant's Br. at 14.) Yet

13

Townsend was not convicted of an offense requiring that the State prove he used or was armed with a weapon because, as noted above, he was convicted of the lesser-included offense of Deviate Sexual Conduct, as a Class B felony, which does not require such proof.

Townsend was thus not prejudiced when appellate counsel did not pursue as an issue on appeal the denial of a motion as to an element of an offense for which Townsend was not convicted. We therefore cannot conclude that the post-conviction court erred when it found no ground for post-conviction relief on the basis of ineffective assistance of appellate counsel, and accordingly affirm the denial of post-conviction relief on that basis.

<u>Newly-Discovered Evidence</u>

Townsend's final issue on appeal challenges the post-conviction court's conclusion that he did not present newly-discovered evidence that would entitle him to post-conviction relief.

Indiana Post-Conviction Rule 1 permits the filing of a petition for post-conviction relief by "(a) any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims … (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." P-C.R. 1(a)(1)(4).

> In order to obtain relief because of newly discovered evidence, the defendant must show that (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced on a retrial of the case; and (9) it will probably produce a different result.

<u>Webster v. State</u>, 699 N.E.2d 266, 269 (Ind. 1998). We evaluate these factors "with care, as

the basis for newly discovered evidence should be received with great caution and the alleged new evidence carefully scrutinized." Taylor v. State, 840 N.E.2d 324, 330 (Ind. 2006) (quotations and citations omitted). The individual seeking post-conviction relief must bear the burden of showing that all nine requirements are met. Id.

Here, Townsend submitted as newly-discovered evidence the transcript of the video-recording of Bates's interview with police shortly after Townsend's commission of the underlying offenses in this case. Townsend argued that the transcript had not been prepared until after his trial, that he had been provided with neither a transcript nor a copy of the recording for his use in preparing for the trial, and that he was therefore precluded from effectively participating in his defense. The post-conviction court concluded that the transcript was not newly-discovered evidence, but rather merely a transcription of a recording that had already been disclosed to Lockwood during pre-trial discovery, and denied Townsend's petition.

We agree with the post-conviction court. Lockwood testified during the post-conviction hearing that he had viewed the recording of Bates's interview with police, that he knew the substance of Bates's statements and how they differed from Bates's deposition and trial testimony, and that he used the recording to prepare for cross-examination of Bates at trial. That the transcript of the interview was prepared only after Townsend's trial does not mean that the transcript is newly-discovered evidence independent of the recording that formed its basis. That is, the transcript is not evidence that has been discovered since trial. See Webster, 699 N.E.2d at 269. Accordingly, we find no error in the post-conviction

court's conclusion that the transcript was not newly-discovered evidence, and affirm the court's order denying post-conviction relief.

## Conclusion

The post-conviction court did not err when it concluded that Townsend did not receive ineffective assistance of trial and appellate counsel. Nor did the post-conviction court err when it concluded that Townsend was not entitled to post-conviction relief on the basis of newly-discovered evidence. We therefore affirm the trial court's denial of Townsend's petition for relief.

Affirmed.

VAIDIK, J., and BROWN, J., concur.